## SAMUEL OAKMAN *vs.* DORCHESTER MUTUAL FIRE INSURANCE COMPANY.

The insurable interest of A. in a house built on his land by C. without any contract that it should be held as personal property or consent that it might be removed, is not forfeited by an understanding between him and C. that he should hold the land for C. to purchase, nor by his consent, revoked before the sale, that the house should be sold as personal property on an execution against C.

A., as surviving partner of the firm of A. & B., may maintain an action on a policy of insurance issued to the firm on a house owned by them as tenants in common.

CONTRACT by the surviving partner of the firm of Oakman & Eldridge, on a policy of insurance, made November 20, 1866, against loss by fire on " their frame church building " in Somerville. Answer, denial of any insurable interest of Oakman & Eldridge in the property, either at the date of the policy or the time of the fire.

At the trial, *Wells,* J., directed a verdict for the plaintiff on facts which are stated in the opinion, and reported the case for revision by the full court.

*H. W. Paine & R. D. Smith,* for the defendants.

*C. B. Goodrich & S. J. Thomas,* for the plaintiff.

CHAPMAN, J. The legal title to the land on which the church building stood was conveyed to Oakman & Eldridge in April 1863. At the time of the conveyance, they gave a conditional bond for a deed of the land to Carleton, the treasurer of a religious society. After the time for performance of the condition had expired, he offered to perform it, and demanded a deed; but this offer and demand would not affect the legal title to the land. The society built the house on the land without any contract that they should hold it as personal property, or any express or implied consent that it might be removed, but with an understanding that the land should be held for them, and an evident expectation that it would, after a while, be conveyed to them. A building of that character, erected under such circumstances, becomes part of the realty. *Milton* v. *Colby,* 5 Met. 78. *Murphy* v. *Marland,* 8 Cush. 575. *King* v. *Johnson,* 7 Gray 239. *Curtis* v. *Riddle,* 7 Allen, 185.

The case of *Wells* v. *Banister,* 4 Mass. 514, did not adjudge the right of the son to hold, as personal property, the house built on land of his father, but only that the father was under no implied obligation to· pay for it. The court had no occasion to state what were the rights of the son in or to the property itself, except to show that giving the utmost effect to the consent of the father to build it on his land would only make it personal property, and removable by the son. Whether the facts of that case were such as to make the house personal property is a question which was not judicially determined in that case, and not presented for determination.

It is contended that the house became personal property by a sheriff's sale in November 1866. The sale was on an execution against the society, and the plaintiff consented that it might be sold as personal property. But it is admitted that he gave notice at the auction, and before the sale, that the building was part of the realty and belonged to Oakman & Eldridge, and that only the society's interest could be sold, whatever that might be. This was a revocation of his consent to its sale as personal property. No title to it passed by the sale ; and at the time of the fire, December 9, 1866, the legal title was in Oakman & Eldridge. Apparently they were tenants in common. Whatever may be the equitable rights of the society or its treasurer, they cannot be considered in this action. Oakman & Eldridge had an insurable interest in the building, and the plaintiff is entitled to recover as survivor.

*Judgment for the plaintiff on the verdict.*