## JEREMIAH A. ESTY *vs.* GEORGE A. CURRIER.

A grant or reservation of " the whole of the cider-house and cider-mill standing on land" not otherwise included, " so long as the said cider-house shall stand thereon, and no longer," gives a freehold in the land under the building so long as it stands thereon, even after it has ceased to be used as a cider-house or cider-mill.

An agreed statement of facts waives all defects of pleading, even if the pleadings are referred to in the statement; and, in a real action, authorizes the court to give judgment for the tenant as upon a disclaimer. But if such disclaimer has not been duly pleaded, the tenant, under the Gen. Sts. c. 134, § 12, is not entitled to costs.

WRIT OF ENTRY to recover a parcel of land in Middleton. The only plea filed by the tenant was a special disclaimer of all right in the demanded premises, except that he owned the barn, (formerly a cider-house and mill,) part of which stood thereon, and had an easement in so much of the land as such part of said building stood upon, so long as it should stand thereon, with the privileges and appurtenances necessary to the free and convenient use of said building and the land under the same. The demandant replied that the tenant was a tenant of so much of the demanded premises as was covered by the building.

The parties submitted the case for decision by the superior court on an agreed statement of facts, in which the pleadings were referred to, and the material part of which was as follows :

The demanded premises were formerly parcel of the estate of Timothy Fuller, by the division of whose estate by commissioners in 1825 there was set off to one of his heirs (the demandant's grantor) a parcel numbered 1, being the demanded premises " excluding from said No. 1 and reserving to No. 2 the whole of the cider-house and mill standing on land set to No. 1, together with the necessary privilege about said cider-house, so long as the same shall stand thereon and no longer;" and to another (the tenant's grantor) an adjoining parcel numbered 2, " also the whole of the cider-house and cider-mill standing on land set to No. 1, so long as the said cider-house shall stand thereon and no longer; with necessary privileges about the same." At the time of that division the building called therein a cider-house

and cider-mill was standing upon the boundary line between the two lots. Since 1839 it has not been used as a cider-house or cider-mill, but has been used continually as a barn and shoe-maker's shop, and occupied by the tenant in this action. " The tenant claims that he has the right to keep the building on the premises so long as it shall stand, and no longer. This is the only title or claim which he or his grantors have ever made to any part of the demanded premises."

The superior court gave judgment for the tenant; and the demandant appealed.

*W. C. Endicott & C. Sewall,* for the demandant.

*S. B. Ives, Jr.,* for the tenant.

GRAY, J. A grant or reservation of a house, mill or other building, annexed to land, and to be used while thus annexed, includes the land under it, and not a mere easement therein. *Allen* v. *Scott,* 21 Pick. 25. *Bacon* v. *Bowdoin,* 22 Pick. 401. *Stockwell* v. *Hunter,* 11 Met. 455. *Johnson* v. *Rayner,* 6 Gray, 110. In the division of the estate of Timothy Fuller therefore, the reservation, in the portion set off to one of his heirs, and the including, in the portion set off to another, of " the whole of the cider-house and cider-mill standing on land set " to the first, " so long as the said cider-house shall stand thereon and no longer," gave to the second a freehold in the land under the cider-house, which by the express terms of the division was to last, not merely so long as the building should continue to be used for the same purpose, but so long as it should stand on that land. As the building is still standing there, though used for a different purpose, the title in the building and the land under it is in the tenant in this action.

The only difficulty which we have had in deciding this case has arisen from the fact that both parties, as has been shown by their pleadings and their arguments, have proceeded upon the ground that the right claimed by the tenant in the demanded premises was a mere easement. But upon consideration we are of opinion that on the case as now presented such judgment may be rendered as will conform to the legal rights of the parties and do substantial justice between them.

It is true that the tenant has not pleaded the general issue, or denied the demandant's title to any part of the demanded premises, but has only filed a special disclaimer of all title or right therein, except an easement for the support and use of the building; and that the replication puts in issue that easement only. But an agreed statement of facts waives all defects in the pleadings, even if the pleadings are referred to as part of the statement; and authorizes such a judgment on the merits as if they were duly presented by proper pleadings. *Kimball* v. *Preston*, 2 Gray, 567. This rule has been recognized by the court in an action of replevin, in which the defendant pleaded only the general issue, without alleging property in himself, which by the common law would admit the plaintiff's title to the goods replevied, just as a disclaimer would admit the demandant's title to the premises demanded. *Scudder* v. *Worster*, 11 Cush. 574. *Prescott* v. *Hutchinson*, 13 Mass. 441. The tenant's right in this case is not therefore limited by his plea.

It is argued, however, for the demandant, that the tenant's right is limited by the terms of the statement of facts, in which it is stated that " the only title or claim which he or his grantors have ever made to any part of the demanded premises " is " the right to keep the building on the premises so long as it shall stand, and no longer." But these words may be fairly satisfied by supposing them to be inserted to preclude the inference of a claim of a title unlimited in point of time in the land under the building, or of any title whatever in the residue of the demanded premises ; and it would be giving too narrow and technical a construction to a statement of facts, the very object and effect of which is to present the case for decision upon the merits, to interpret these words as defining the nature of the title or claim of the tenant.

The result is, that the tenant is entitled to judgment that he did not disseise the demandant of the land under the building in question, and that he has disclaimed all title to the residue of the lands demanded in the writ, just as if he had duly pleaded the general issue of *nul disseisin*, and specified in defence under that issue a corresponding disclaimer. But, as he has not in any

form pleaded a disclaimer upon which he is now willing to take judgment, he cannot be allowed costs; because it is expressly provided by statute that, when the tenant disclaims, he " shall be allowed such costs only as accrue after the filing of the plea." Rev. Sts. *c.* 101, § 13.   St. 1836, *c.* 273, § 1.   *Richards* v. *Randall,* 4 Gray, 55.   Gen. Sts. *c.* 134, §§ 8, 12.

*Judgment for the tenant accordingly, without costs.*