CHARLES W. WEBSTER & another *vs.* JOSEPH H. POTTER.

A. B. and C. D. built a house, each paying half the cost, on land held by A. B. and the wife of C. D., as tenants in common, in equal shares. Afterwards C. D. and his wife conveyed to A. B. that part of the land which included the house, " reserving one half of the dwelling-house, being that part of said house which belongs to me, C. D., which we do not herein convey." *Held*, that A. B. and the wife of C. D. were tenants in common of the house and the land beneath it.

PETITION for partition of " a dwelling-house, and land beneath the same, and the appurtenances thereof " in Taunton, the petitioners claiming one half part thereof. The case was submitted to the judgment of the court on a statement of facts, of which the following are all that are material :

Sarah Howland and Dinah Potter became entitled to the land whereon the dwelling-house stood, in equal shares as tenants in common, in 1831. Sarah Howland in 1846 devised her interest in the land to Charlotte Franswar, then, and for a long time previous, wife of Francillo Franswar, and to whom issue had been born, and afterwards, in the same year, the house, of which partition was claimed, was partially built by Francillo Franswar and the respondent, each contributing one half of the cost thereof, Dinah Potter and the respondent then and afterwards living on the premises as members of the same family with Francillo Franswar and his wife.

Dinah Potter in 1849 devised all her interest in the premises to the respondent, who afterwards, with Francillo Franswar, completed the building, each of them contributing one half of the cost thereof. Francillo Franswar, his wife, and the respondent continued to occupy the premises as tenants in common until November 21, 1830, when the respondent conveyed by quitclaim deed the easterly portion of the land to Charlotte Franswar, not including the house, and Francillo and Charlotte Franswar, by quitclaim deed beginning " We, Francillo Franswar, and Charlotte Franswar, wife of said Francillo," conveyed to the respondent the westerly portion of the premises, on which the dwelling-house stood, " excepting and reserving one half of the dwelling-house on the above described lot, being that part of said house which

belongs to me, the aforesaid Francillo, which we do not herein convey." Francillo Franswar, his wife, and the respondent, continued to occupy the house in common, and the lands as divided in severalty, until the death of Francillo Franswar in October 1868. On December 8, 1868, Charlotte Franswar conveyed all her title and interest in the premises to the petitioners, including in the deed " one half of the dwelling-house standing on land of Joseph H. Potter, and reserved by me in my deed of quitclaim to him dated November 21, 1860."

*H. J. Fuller*, for the petitioners.

*J. Brown*, for the respondent.

MORTON, J. The plaintiffs' title is derived from Charlotte Franswar under a deed dated December 8, 1868. It appears that prior to November 21, 1860, the said Charlotte and the defendant were owners, as tenants in common, of a large tract of land, including the land in question. Although Francillo Franswar, the husband of Charlotte, had paid a portion of the cost of building the house then on the land, he had no legal interest therein, because he could not make, and the law would not imply, any agreement with his wife for separate ownership. *Washburn* v. *Sproat*, 16 Mass. 449. *Howard* v. *Fessenden*, 14 Allen, 124. On said November 21 the said Charlotte and the defendant, by mutual deeds, made a partition of said tract, and she, by a deed in which her husband joined, conveyed the westerly part thereof to the defendant. This was a conveyance of the lot by metes and bounds, and included the land upon which the house stands. The deed contained this clause, " excepting and reserving one half of the dwelling-house on the above described lot, being that part of said house which belongs to me, the aforesaid Francillo, which we do not herein convey." It is obvious that the deed to the plaintiffs conveyed to them whatever interest said Charlotte retained by virtue of this exception.

It is a general rule of construction that the grant of a house gives a freehold in the land under it, as incident thereto and necessary to its enjoyment. *Bacon* v. *Bowdoin*, 22 Pick. 401, and 2 Met. 591. *Cheshire* v. *Shutesbury*, 7 Met. 566. The same principle applies to a reservation or exception in a deed. *Esty* v. *Currier*, 98 Mass. 500.

The effect of the partition between the parties, therefore, was to leave in said Charlotte the freehold in one undivided half of the house and land under it, unless the facts of this case are such as to take it out of the general rule. The defendant contends that at the time of the partition the house was not a part of the realty, and that, by the exception in her deed, Charlotte retained merely an interest in it as a personal chattel; but we think this view cannot be sustained. *Primâ facie*, dwelling-houses and other buildings belong to the owner of the land on which they stand, as part of the realty. Even if built by a party who has no interest in the land, they become a part of the realty, unless there is an agreement, express or implied, with the owner of the land, that they should remain personal property. *Howard* v. *Fessenden*, 14 Allen, 124. *Oakman* v. *Dorchester Insurance Co.* 98 Mass. 57. *Poor* v. *Oakman*, 104 Mass. 309. The case at bar is submitted to the court upon an agreed statement of facts, which does not find that there was such agreement. We are therefore to assume that there was no express agreement, and the case clearly does not fall within that class of cases where it has been held that an agreement will be implied from the relations of the parties, such as where a tenant puts up trade fixtures, or a stranger to the title erects buildings on the land of another with his consent. At the time of the partition, the parties were the owners of the land and the house in the same proportions. Each owned an undivided half of the land, and each had paid a half of the cost of the house. There is no presumption arising from the relations of the parties of an agreement that the house should be deemed to be personal property.

The result is, that the deed from Charlotte conveyed to the plaintiffs an undivided half of the house and land under it, and that they are entitled to partition.

*Judgment for the plaintiffs.*