ELKANAH MOULTON *vs.* IRA TRAFTON.

*Construction of a deed.*

The tenant, assignee of Clark Trafton, claimed to hold premises thus described in a deed from another party to the demandant: "Excepting by this conveyance a saw mill and a shingle machine, and land enough around said mill to carry on the lumbering business at said mills, and a right of way from said mill to the road leading from Thorndike to Unity Village, conveyed to Clark Trafton, as long as said Trafton occupies said privilege with mills:"—*held*, that these words created an exception, and not a reservation merely; and that the land under the mills was included in the exception; and that the exception constituted a determinable or qualified fee, which could be assigned; and that the duration of the excepted estate was limited by the existence of mills upon the premises, and not by the personal occupancy of Clark Trafton.

ON REPORT.

REAL ACTION, commenced September 14, 1871, "wherein the said Moulton demands against the said Trafton one messuage in Unity, in said county, bounded and described as follows, to wit:— a saw mill and shingle machine, known as the Trafton mills, and the land upon which they stand, and the land around said mill and used in operating the same in the manufacture of lumber, together with the water privilege used in operating said mills, and the road or private way leading from said mill to the county road leading by said Moulton's, from Belfast to Unity village; being the same land and mills and water privilege and road thereto as formerly occupied and used by Clark Trafton."

The general issue was pleaded, and the sole question involved was the construction of a deed of warranty given by Adeline and Chandler B. Shirley to Elkanah Moulton, dated April 1, 1858, and recorded July 13, 1858, embracing within its boundaries a large tract, of which the demanded premises are part, but containing at the close of the description this sentence :—" Excepting from this conveyance a saw mill and shingle machine, and land enough around said mill for to carry on the lumbering business at said mills, and a right of way from said mill to the road leading from Thorndike to Unity village, conveyed to Clark Trafton, as long as said Trafton occupies said privilege with mills." The demandant contended that this was a personal privilege granted to Clark Trafton, to be enjoyed only by him, and not by his heirs or assigns ; and that he could make no valid assignment of it.

The whole tract embraced in the demandant's above-mentioned deed was formerly the property of the late James Shirley ; and the grantors therein were his widow and son, who derived title to it under his last will, of which she was executrix. In that capacity, on the seventeenth day of November, 1857, by a written instrument, witnessed by her son, she "bargained and sold to· Clark Trafton of Thorndike the saw mill and shingle mill standing on the land of the said James Shirley ; and said Trafton is to have all the rights of said mill privilege as long as he wishes to occupy it with mills, and land enough for said mills for all necessary purposes for said mills, and a right of way from the road passing through said Shirley's farm to said mills" for $1323.50 and certain other considerations, "and said Adeline is to give said Trafton a deed of said mills as soon as she can get a permit from the probate court to sell said mills." Accordingly, Mrs. Shirley and her son, by deed of warranty, in usual form, dated the first day of May, 1858, conveyed to Clark Trafton "a saw-mill and shingle-machine situated on the farm formerly owned by the late James Shirley, situated in said Unity, on the Sandy stream, and also a right of way from the mills to the road passing from Abraham Cookson's to Unity village, as it is now fenced out; to have

and to hold the above granted mills, with all privileges and appurtenances thereto belonging, to the said Clark Trafton, his heirs and assigns forever: " then follow the customary covenants of warranty. But this deed was not recorded till July 13, 1866, just eight years after that to the demandant; so the tenant was compelled to rely upon the exception or reservation in the last named deed.

Accordingly as that was construed by this court, judgment was to be entered.

It appeared in evidence that Mrs. Shirley and her son first prepared for Clark. Trafton a deed which he refused to accept because the *habendum* clause did not contain the words "and to his heirs and assigns;" and the one above-mentioned was substituted. Upon the eighteenth day of February, 1860, Clark Trafton conveyed by deed of warranty to Julia Trafton, wife of Ira Trafton, the tenant, "the land, with the saw-mill and shingle-machine thereon" conveyed to him by said deed of May 1, 1858, to which reference was made; this deed to Mrs. Trafton was recorded July 13, 1866. It was admitted that the tenant was living upon and in occupation of the premises under his wife.

*W. H. McLellan* for the demandant.

The language of the Shirleys' deed to the demandant is to be taken as a reservation, which must be to the grantor, and not to a stranger. If to a stranger, it is void. 3 Washb. on Real Prop., 370; *Borst* v. *Empie*, 1 Seld., 38; *School District* v. *Lynch* 33 Conn., 335; *Hill* v. *Lord*, 48 Maine, 83.

In this case the right of way and use of the land were only easements; therefore, the clause relating to them must be a reservation; since an exception is a part of the thing granted, while a reservation is of a thing not in being till created by the deed. *State* v. *Wilson*, 42 Maine, 9.

But even if the tenant has an easement, this action is maintainable, as he has pleaded only the general issue, which tries the title to the fee. *Blake* v. *Clark*, 6 Maine, 436; *Blake* v. *Ham*, 50 Maine, 311.

No land was conveyed to Clark Trafton. The word "premises" was erased from the deed to him, and "mills" substituted. *Derby* v. *Jones*, 27 Maine, 357.

*A. G. Jewett* for the tenant.

The right acquired by Clark Trafton under the deed to him was not a mere personal privilege, but was assignable. *Farnum* v. *Platt*, 8 Pick., 339; *Munn* v. *Stone*, 4 Cush., 146; *Gay* v. *Walker*, 36 Maine, 54; *Moulton* v. *Faught*, 41 Maine, 298; *Winthrop* v. *Fairbanks*, Id., 307; *State* v. *Wilson*, 42 Maine, 9.

The exception in the deed to Moulton excluded from that conveyance all Trafton's rights. *Winthrop* v. *Fairbanks*, 41 Maine, 307; *Smith* v. *Ladd*, Id., 314.

The conveyance of land carries a right of way appurtenant thereto. *Kent* v. *Waite*, 10 Pick., 138; *Underwood* v. *Carney*, 1 Cush., 285; *Brown* v. *Thissell*, 6 Cush. 254.

PETERS, J. The demandant received from Adeline and Chandler B. Shirley a deed of a farm, which contained the following provision: "Excepting by this conveyance a saw-mill and shingle-machine, and land enough around said mill to carry on the lumbering business at said mills, and a right of way from said mill to the road leading from Thorndike to Unity village, conveyed to Clark Trafton, as long as said Trafton occupies said privilege with mills." At the date of this deed, and for some years afterwards, the excepted premises were occupied by Clark Trafton for milling purposes. His title is subject to the demandant's deed. When Clark Trafton sold out his interest to Ira Trafton, and ceased to occupy the excepted premises personally, the demandant commenced this action for the premises, claiming them as his own. And the question here depends upon the construction to be given to the above clause in his deed.

In the first place, he claims that the language above quoted amounts only to a reservation and not an exception, and that it is void, because not made to the grantor himself. But this construction is not a reasonable or just one, so long as the words are fair-

ly susceptible of any other, by which the agreement of the parties can be upheld.

Then the position is taken that if not a reservation, that an exception of "a saw-mill and shingle-machine," would not include the land under the same. But the authorities settle this point the other way. It would be an awkward conveyance indeed that carried land "around" a mill, but none under it. By the grant of a mill, the land under it, indispensable to its use, unless there is in the conveyance language indicating a different intention, passes by implication. The same rule applies to exceptions in a grant. Among the cases applicable to this view, are *Forbush* v. *Lombard*, 13 Metc., 109 ; *Esty* v. *Currier*, 98 Mass., 500 ; *Clark* v. *Blake*, 6 Maine, 436 ; *Farrar* v. *Cooper*, 34 Maine, 397. The case of *Derby* v. *Jones*, 27 Maine, 357, relied on by the demandant, is not at all opposed to these cases, but clearly distinguishable from them. The judge who delivered that opinion makes the distinction very apparent in the judgment in the case of *Sanborn* v. *Hoyt*, 24 Maine, upon page 119.

But the more important inquiry suggested in this case is, whether the subject matter of the exception in the demandant's deed continues longer than the personal occupation of the premises by Clark Trafton. This question may not be free of all difficulty and doubt ; still we think that the most satisfactory interpretation which can be put upon the words of the exception is, that a fee in the land under and about the mills and an easement in the way to the mills, were to be and remain excluded from the grant to the demandant, so long as "said privilege" was occupied "with mills" by Clark Trafton or his heirs or assignees. In other words, that the exception was not personal merely, but assignable. Our opinion is that the estate excepted is what is called in the technical law a qualified, base, or determinable fee ; an estate which passes subject to a reverter; and will continue until the qualification annexed to it is at an end. The test of the limitation in this case, is rather as to the purposes for which the estate may be occupied than as to the persons occupying it. When the

estate ceases to be used for mills, then it reverts to the grantor. Such an estate is both descendible and assignable. There is much to indicate that such was the intention of the parties. The value of the excepted property was undoubtedly deducted from what would have been a greater price paid for the farm by the demandant. A valuable mill has been kept upon the privilege from that day to this. It can hardly be supposed that a license was to be extended to Trafton to make extensive investments, which would not be worth anything in anybody's hands but his. Nor is it easy to perceive what difference it could be to the owner of the farm, whether the mills were to be owned by Trafton or some one else. At the same time there is every reason to believe that the demandant's farm was not to be encumbered with any outside ownership of the privilege and easements, after the mills and all demand for mills at that place had passed away. We think this view is well supported by the authorities, and is also in accordance with the justice and equities of the case. In *Esty* v. *Currier*, before cited, it was decided, that a grant or a reservation of the whole of a cider-mill, so long as the cider-mill shall stand on certain land and no longer, gave a freehold in the land under the building so long as it stood thereon, even after it ceased to be used as a cider-mill. That case has a similarity, in the principle involved, to this case. The case of *Jamaica Pond Aqueduct Co.* v. *Chandler*, 9 Allen, 159, is a relevant authority. See also *Stockbridge Iron Co.* v. *Hudson Iron Co.*, 107 Mass., and cases there cited on page 322. The private way alluded to in the deed to this demandant, was one already constructed at the date of his deed. Such a way may be the subject of an exception in a grant. *State* v. *Wilson*, 42 Maine, 9 ; *Winthrop* v. *Fairbanks*, 41 Maine, 307 ; *Smith* v. *Ladd*, Id., 314 ; *Munn* v. *Stone*, 4 Cush., 146.

The demandant claims that, at all events, he can recover the way or road, notwithstanding the tenant has an easement in it, because the tenant has pleaded the general issue, which tries the question of a fee, and not an easement, in it. But the language of the declaration is, "together with the water privilege used in operat-

ing said mills, and the road or private way leading from said mills to the county road." No other or more particular description is given, and we are led to believe that the purpose of the averment was rather to describe the easement than the fee, in order to put in issue a claim to recover what was described in the exception in the deed, and no more.          *Demandant nonsuit.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.