THEOPHILUS G. HATCH vs. CHARLES E. BRIER and wife.

Waldo.    Opinion December 27, 1880.

*Pleading.   Abatement.   Non tenure.   Deed.   Dwelling house..*

The plea of non tenure is in abatement and not in bar, and cannot avail unless
seasonably filed.

A deed of the westerly part of a dwelling house and one half of the cellar
conveys the land under the part of the dwelling house conveyed.

ON EXCEPTIONS.

The opinion states the case.

*William H. Fogler*, for the plaintiff, cited: R. S., c. 104,
§ 6 ; *Ayer* v. *Phillips*, 69 Maine, 50 ; also *Cunningham* v. *Webb*,
69 Maine, 92 and cases cited on pp. 95 and 96 ; 2 Wash. R. P.
664 ; 1 Wash R. P. 57.

*J. W. Knowlton*, for the defendants, on the question of
pleading, cited: R. S., c. 82, § 18 ; *Shelden* v. *Call*, 55 Maine,
159 ; *Sturtevant* v. *Randall*, 53 Maine, 149.

On the question of title of the plaintiff, counsel contended that
he only owned a part of the house as personal property and held
no interest in the land, and consequently plaintiff's remedy was
in trover and not by writ of entry.    *Osgood* v. *Howard*, 6
Maine, 452 ; *Russell* v. *Richards*, 10 Maine, 429 ; S. C. 11 Maine,
371 ; *Hilborne* v. *Brown*, 12 Maine, 162 ; R. S., c. 104, § § 1,
3 ; *Orono* v. *Wedgewood*, 44 Maine, 49 ; Jackson, Real Actions,
c. 4, § 1 ; *Chaplin* v. *Barker*, 53 Maine, 275 ; *Tibbetts* v. *Estes*,
52 Maine, 566 ; 1 Bouvier Law Dict. 578, 337 ; 1 Wash. R. P.
53 ; *Lincoln* v. *Wilder*, 29 Maine, 180 ; *Howard* v. *Wadsworth*,
3 Maine, 474 ; Shep. Touch. 80 ; *Hammond* v. *Woodman*, 41
Maine, 177 ; *State* v. *Wilson*, 42 Maine, 9 ; 2 Wash. R. P.
686, 688, 693 ; 2 Green. Cruise, 348 ; *Thompson* v. *Androscoggin
Bridge*, 5 Maine, 62 ; *Gay* v. *Walker*, 36 Maine, 54 ; *Winthrop*
v. *Fairbanks*, 41 Maine, 307 ; *Smith* v. *Ladd*, 41 Maine, 314 ;
*Cunningham* v. *Webb*, 69 Maine, 96.

APPLETON, C. J.    This is a real action brought against
husband and wife, who file several pleas and exceptions to the
rulings of the justice presiding.

1. The defendant, Charles E. Brier, at the second term pleaded the general issue with a brief statement of non tenure. The general issue admits the tenant in possession. The plea of non tenure is only an abatement and not in bar. R. S., c. 163, § 19. *Colburn* v. *Grover*, 44 Maine, 47 ; *Wyman* v. *Brown*, 50 Maine, 139. It was filed too late and without leave of the court. *Ayer* v. *Phillips*, 69 Maine, 50.

2. The defendant, Sarah A. Brier, likewise pleaded the general issue with brief statements which are not reported.

It is in proof that Joseph Bryant, on September 11, 1838, conveyed certain premises to Daniel McCurdy with the following reservation : "Reserving, however, the saw mill with the privilege and the yard to said lot. Also, the westerly part of the dwelling house, namely, the front room and the chamber over it, and the west sleeping room ; also a clothes room at the head of the front stairs ; also the privilege of using the front stairs, and the cellar stairs and one half of the cellar ; and privilege to the well." The plaintiff has title by deed of what was thus reserved. The tenant has the title of Daniel McCurdy.

The presiding justice ruled that the deed from David Knowlton to the plaintiff, following the language of the reservation, gave him an estate in fee.

The defendant contended that the part of the house reserved was personal property.

In *Jamaica Pond Aqueduct Corporation* v. *Chandler*, 9 Allen, 159, it was held that a grant of a "house," "a wharf," "a mill" or a "well" would pass the fee in the land, which is occupied and improved at the time of the grant for the use or purpose so designated in the deed, because, remarks BIGELOW, C. J., "such structures necessarily comprehend and aptly describe the entire beneficial occupation and enjoyment of the land itself, continuously, exclusively and permanently, and so clearly indicate an intent to grant the whole interest in the soil." It was held in *Allen* v. *Scott*, 21 Pick. 25, that when land was conveyed with all the buildings standing thereon except the brick factory, that the grantor's title to the land on which the factory stood and the water privilege appurtenant thereto, did not pass by the deed. To the

same effect is the case of *Esty* v. *Currier*, 98 Mass. 500, and of *Cunningham* v. *Webb*, 69 Maine, 93. In the last cited case, LIBBEY, J., uses this language : "A grant of a house standing on a lot of land, fenced and used as a house and garden, conveys not only the house, but the lot of land on which it stands, unless it appears from the deed, or the facts and circumstances existing at the time, applicable to the estate that that was not the intention of the parties." In the deed under consideration, the language used, " the westerly part of a dwelling house," and "one half of the cellar," must be construed to convey the land under the part of the dwelling house conveyed. See *Moulton* v. *Trafton*, 64 Maine, 218.

The defendant relies on the case of *Howard* v. *Wadsworth*, 3 Greenl. 471, where the exception or reservation was of "the grist mill *now standing* on said falls, with right of *maintaining the same.*" The decision rests on the peculiar language used. "The grantors," remarks MELLEN, C. J., "repeat the word "*now*," twice, in describing what is excepted." Hence it was held that the reservation secured to the grantor only a right to the use of the mill then standing. So in *Sanborn* v. *Hoyt*, 24 Maine, 118, the reservation was "of all the buildings *on* the premises." "The reservation," remarks SHEPLEY, J., "in this deed, is not a house, barn or shed; but "of the buildings on said premises." Had it been of a house, barn or shed, it would have been otherwise — the land underneath would have passed.

The rulings of the justice presiding were correct.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.