DEAN *v.* CLINTON COUNTY TREASURER.

DRAINS—ORDERS—FUNDS—APPLICATION.
> Where drain orders for constructing a drain were unpaid for want of funds belonging to that particular drain account, funds raised by assessment in proceedings to clean, widen, and extend the same drain cannot be used to pay such orders, though there is an excess remaining after completion of the work, it not being made to appear in what proportion the fund was derived from territory not within the old district.

Appeal from Clinton; Searl, J.   Submitted November 14, 1906.   (Docket No. 148.)   Decided December 17, 1906.

Bill by Let J. Dean against Adin W. Skinner, treasurer of Clinton county, to require the payment of certain drain orders.   From a decree dismissing the bill, complainant appeals.   Affirmed.

*H. J. Patterson,* for complainant.

*William M. Smith,* for defendant.

MONTGOMERY, J.   The county drain commissioner of Clinton county in 1883 laid out a drain known as the "Hayworth Drain."   Two orders amounting to $180 were given on the fund to be derived from assessments, and these orders are held by complainant.   From time to time the orders have been presented for payment; but there being no funds, payment has been refused.

In 1901 a petition was filed with the drain commissioner, asking that the Hayworth drain be cleaned out, widened, and extended.   This was done.   An assessment was made which realized something more than enough to pay the actual cost of the same up to this time.   The Hayworth extension drain assessment includes the orig-

inal territory of the Hayworth drain and additional territory as well. The complainant asked the court below to compel the county treasurer to pay his orders out of the funds in his hands. This was refused, and an appeal was taken to this court.

Complainant relies upon Act No. 222, Pub. Acts 1903. It is obvious that the proceeding taken by the drain commissioner in 1901 could not have been had with a view to the provisions of that act. Nor can we say that equitably the complainant is entitled to the relief prayed. It is not made to appear in what proportions this unexpended fund is derived from new territory. Those who are assessed for the extension should not have their contributions diverted to the payment of the cost of the original drain.

The order denying relief is affirmed.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.