JOHN W. HALL v. THE WABASH RAILROAD CO., Appellant.

**Deeds:** EXCEPTIONS: RIGHT OF WAY. The soil itself and not merely
1     a right of way is covered by an exception in a deed excepting therefrom land occupied by a railroad right of way.

**Same:** ABANDONMENT OF RIGHT OF WAY: REVERSION. The exception
2     in a deed of land occupied as a railway right of way is not repugnant to the grant; the title thereto remains in the grantor and upon abandonment for railway purposes does not revert to the grantee.

Condemnation: ATTORNEY'S FEES. The trial court in its discretion
3   *may* hear evidence on the value of an attorney's services in
a condemnation proceeding, but unless he so desires the land-
owner has no right under the statute to do more than show
the service.

*Appeal from Monroe District Court.*— HON. F. W.
EICHELBERGER, Judge.

WEDNESDAY, MARCH 13, 1907.

A condemnation proceeding instituted by the plain-
tiff to recover damages for the use by the defendant of an
abandoned right of way. Trial to a jury, and verdict and
judgment for the plaintiff. The defendant appeals.— *Re-*
*versed.*

*T. B. Perry,* for appellant.

*Ben. McCoy, R. T. Mason,* and *Fred Townsend,* for
appellee.

SHERWIN, J.— This is still another one of the series
of abandoned right of way cases which have engaged the
attention of this court since *Remey v. Iowa Cent. Ry. Co.,*
116 Iowa, 133, was submitted and decided. The fact ques-
tions, so far as the right of way and its abandonment are
concerned, are practically the same as those involved in the
preceding cases.

In this case, however, the right of way extends over
the N. E. ¼ of section 29 and the S. W. ¼ of the N. W. ¼
of section 28, and the conveyances, under which the plaintiff
holds are not the same for both tracts of land.
1. DEEDS: excep-
tions; right    The old Iowa Central Railroad Company ac-
of way.         quired its right of way by deeds from the then
owners of the land, and these deeds were duly recorded.
The deed conveying to the plaintiff the N. E. ¼ of section
29 contained no reservations or exceptions, and, as to the

right of way over that land, this case is ruled by the Remey Case, *supra,* and *Russell v. Iowa Central R. Co.* (Iowa) 109 N. W. 1131). The plaintiff's deed to the S. W. ¼ of the N. W. ¼ of section 28 was from Athalia Carroll, who owned the land when the right of way was first located, and who deeded the same to the old Iowa Central Railroad Company. In her deed to the plaintiff, she excepted the land occupied by such right of way, in the following language, " excepting the part occupied by the right of way of the Iowa Central Railroad Company." This exception is clear and unequivocal, and no title to the land embraced in the right of way passed. She deeded all of the forty-acre tract, except the land occupied by such right of way. We do not see how an exception could be more definite, or how the intent of the grantor could be made plainer. The railroad company then had a recorded deed of the right of way. An exception in the grant of the right of way alone would amount to nothing, and, unless the exception in question withheld from the grant the strip of land so occupied, it is meaningless. It was the soil itself that was in terms excepted from the grant, and not merely the right of way.

The exception before us is not repugnant to the grant, and must be held valid; and, if it be valid, the title to the land occupied as right of way remained in the grantor, with the like force and effect as if no grant had been made. *Spencer v. Wabash Railroad Company* (Iowa), 109 N. W. 453; *Wiley v. Sirdorus,* 41 Iowa, 224; 4 Kent. Com. 468; *Moulton v. Trafton,* 64 Me. 218; *Marshall v. Trumbull,* 28 Conn. 183 (73 Am. Dec. 667); *Ashcroft v. Eastern R. Co.,* 126 Mass. 196 (30 Am. Rep. 672); *Allen v. Scott,* 21 Pick. (Mass.) 25 (32 Am. Dec. 238). It was therefore error for the court to instruct that the plaintiff was entitled, under his deed from Mrs. Carroll, to recover as to the forty acres in question. *Spencer v. Wabash Railroad Co., supra.*

2. SAME: abandonment of right of way; reversion.

On the trial of the appeal in the district court, the

plaintiff was awarded a larger sum than had been returned by the sheriff's jury, and he thereupon filed a claim for an attorney's fee, and asked and was permitted to introduce evidence as to the value of such service. The appellant says that the attorney's fee that may be allowed under the statute must be determined by the court without the aid of such testimony. Code, section 2007, says that an attorney's fee, when allowed, shall be taxed by the court, and, construing the section, we have held that the fee allowed thereby is for service rendered in the appeal alone. *Wormely v. Railway Co.,* 120 Iowa, 684. Ordinarily there should be no occasion for calling expert witnesses to aid the court in determining the amount that should be allowed. The trial judge generally knows as much about the value of given services as do the members of the bar; but, notwithstanding this, we are not disposed to establish an ironclad rule in these cases. We think the presiding judge should be given discretion in the matter, and, if he does not deem himself qualified to determine the question without the aid of testimony, we see no reason why it may not be taken. But, unless he desires it, the plaintiff has no right under the statute to do more than to show the service rendered on appeal. And by such service we do not mean the service only that is rendered in the actual trial of the case on appeal. It may properly include the necessary preparation for such trial.

3. CONDEMNA-TION: attorney's fees.

For the reason given, there must be a reversal.— *Reversed.*

WEAVER, C. J., and McCLAIN, J., dissenting.