HIGGINS OIL & FUEL CO. v. VICTORY CO. et al. *

(Circuit Court of Appeals, Fifth Circuit.   March 6, 1916.)

No. 2784.

EASEMENTS ☞23—PROPERTY CONVEYED—EXCEPTIONS IN DEED.

A deed described the land conveyed as a lot or parcel containing 19 acres, more or less, and being the north half of the southwest quarter of a described quarter section, excepting from the terms thereof a strip about 30 feet in width along the west line of such premises, "conveyed by me to the parish of C. for a public road," and recited that "the said 19 acres of land" was part of a larger tract therein described. The grantor had made no conveyance to the parish, but the parish by expropriation proceedings had acquired an easement for a public road on the strip mentioned. *Held*, that such strip was not conveyed, especially as the deed indicated an intention not to convey the full 20 acres contained in the described subdivision.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 63; Dec. Dig. ☞23.]

Appeal from the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Suit by the Higgins Oil & Fuel Company against the Victory Company and others.   Decree for defendants, and plaintiff appeals.   Affirmed.

Will E. Orgain and D. Edward Greer, both of Beaumont, Tex. (S. L. Herold, of Shreveport, La., and F. C. Proctor and Hightower, Orgain & Butler, all of Beaumont, Tex., on the brief), for appellant.

Leland H. Moss, Charles A. McCoy, A. P. Pujo, and W. B. Williamson, all of Lake Charles, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM.   This suit, brought by the appellant, Higgins Oil & Fuel Company, asserted a right to a strip of land 30 feet in width and adjacent to the section line and extending across the west end of the N. ½ of the S. W. ¼ of the N. W. ¼ of section 28, township 9 S., range 11 W., in the parish of Calcasieu, La.   The asserted right does not exist, unless that strip of land was embraced in a deed of conveyance of Mrs. Lucy H. Yellott to the appellant, a copy of which was made an exhibit to the bill.   That deed described the land it conveyed as follows:

"All that certain lot or parcel of land situate in the parish of Calcasieu, state of Louisiana, containing 19 acres of land, more or less, and more particularly described as follows, to wit: The N. ½ of the S. W. ¼ of the N. W. ¼ of section 28, township 9 S., range 11 W., Louisiana meridian, excepting from the terms of this conveyance a strip of land about 30 feet in width along the west line of said described premises, conveyed by me to the parish of Calcasieu for a public road; the said 19 acres of land being a part of that certain 160-acre tract of land patented to me by the United States by virtue of homestead certificate No. 3058, application No. 8485, dated October 15, 1895, recorded on page 330 in Book No. 25 of Conveyances, Records of Calcasieu Parish, Louisiana."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied April 19, 1916.

Mrs. Yellott, the grantor in that deed, had not in fact made a conveyance to said parish, but some years prior to the date of that deed the parish had, by condemnation or expropriation proceedings, acquired an easement for a public road on the strip of land first above mentioned, which at and prior to the time of such proceedings belonged to Mrs. Yellott.

We are of opinion that the language of Mrs. Yellott's deed to the appellant forbids the conclusion that the strip in question was conveyed by that instrument. The words, "excepting from the terms of this conveyance a strip of land about 30 feet in width along the west line of said described premises, conveyed by me to the parish of Calcasieu for a public road," when considered in connection with other parts of the instrument, we think, put it beyond doubt that the strip mentioned, which was identified by the expropriation proceedings, was excluded from the grant. The land conveyed is so described —in one part of the description being referred to as "containing 19 acres, more or less," and immediately following the excepting clause being mentioned as "the said 19 acres of land"—as to make it unequivocally plain that the whole of the subdivision mentioned, one-half of the S. W. ¼ of the N. W. ¼ of section 28, which subdivision contains 20 acres, was not intended to be conveyed. Furthermore, the language of the deed shows that the grantor was under the impression that the excepted strip had been conveyed by her to the parish of Calcasieu, and that she did not intend the deed to embrace land the title to which she supposed had passed out of her by a previous conveyance. It seems to us that the intent and design of the parties to exclude the strip in question from the grant made is so clearly manifested by the language used as to make palpably untenable the contention that that strip was included in Mrs. Yellott's conveyance to the appellant. See Greenleaf v. Birth, 6 Pet. 292, 9 L. Ed. 132; Maxwell Land Grant Co. v. Dawson, 151 U. S. 586, 14 Sup. Ct. 458, 38 L. Ed. 279; Spillman v. Brown (C. C.) 45 Fed. 291; Hall v. Wabash R. Co., 133 Iowa, 714, 110 N. W. 1039.

The decree appealed from is affirmed.