## Linus Dickinson *versus* John Boyle.

Where an act complained of is admitted to have been done with force and to consti-
tute a proper ground for an action of trespass *vi et armis*, all the damage to the
plaintiff of which such injurious act was the efficient cause, and for which the
plaintiff is entitled to recover in any form, may be recovered in such action, al-
though in point of time such damage did not occur till some time after the act
done. If special or peculiar damages are claimed, such as are not the usual or
natural consequences of the act done, it is proper to set them forth specifically in
the declaration, by way of aggravation, that the defendant may have due notice of
the claim.

Where the defendant broke and entered the plaintiff's close lying adjacent to a river,
dug into a bank near to a dam across the river, and carried away some gravel, in
consequence of which a flood in the river, which took place three weeks after-
wards, carried away a portion of the close, and a cider-mill, &c., belonging to the
plaintiff, it was *held*, that the plaintiff might recover damages for the whole of
such injury, in an action of trespass *quare clausum fregit* .

Trespass *quare clausum fregit*. The declaration set
forth, that the defendant, on October, 9, 1833, with force and
arms, broke and entered the plaintiff's close, lying adjacent
to Westfield river, in Russell, and broke up and removed the
plaintiff's soil, and by means thereof caused the water of the
river to carry away and destroy three acres of the close, the
plaintiff's cider-mill there standing, twenty barrels of cider,
&c.

The trial was before *Putnam* J., upon the general issue.

The plaintiff proved, that the defendant entered the close,
dug into the bank near the dam that had been built across the
river, took away some gravel and undermined some trees.
The flood which carried away the plaintiff's soil, &c., came
on about three weeks after the defendant had dug into the
bank.

The defendant objected, that the action should have been
trespass on the case for the consequential damage, inasmuch
as such damage did not follow immediately and directly from
the original act of digging into the bank ; which act was ad-
mitted to be a trespass on the part of the defendant.

The jury found, that the act of the defendant in digging
into the bank caused the water to break through the earth or
sand round the end of the dam, and to carry away the soil,
&c. of the plaintiff ; and they assessed damages for the con
sequential injury.

If such assessment was erroneous the verdict was to be **Dickinson** *v.* **Boyle.**
amended, and nominal damages inserted ; and in such event,
the plaintiff was to have an action of trespass on the case for
the consequential injury, if he chose. If the action was
well brought in trespass, for the whole injury, the judgment
was to be according to the verdict.

*I. C. Bates*, *Mills* and *Boise*, for the defendant, cited *Sept.* 23*d.*
*Leame* v. *Bray*, 3 East, 593 ; *Smith* v. *Rutherford*, 2 Serg
& R. 358 ; *Cotteral* v. *Cummins*, 6 Serg. and R. 343.

*W. G. Bates*, *R. A. Chapman* and *Ashmun*, for the plain
tiff, were stopped by the Court.

*Per Curiam.* Where the act complained of, is admitted to *Sept.* 26*th.*
have been done with force, and to constitute a proper ground
for an action of trespass *vi et armis*, all the damage to the
plaintiff, of which such injurious act was the efficient cause,
and for which the plaintiff is entitled to recover in any form,
may be recovered in such action, although in point of time
such damage did not occur till some time after the act done.
Where special or peculiar damages are claimed, such as are
not the usual or natural consequences of the act done, it is
proper to set them forth specifically in the declaration, by way
of aggravation, that the defendant may have due notice of the
claim.

*Judgment on the verdict for the plaintiff.*