## WILLIAM BURK *vs.* BENJAMIN P. HOLLIS.

The owner of land cannot sever and convey any interest therein as personal property merely by treating it as such in the instrument of conveyance.

The right of a lessee of land to remove a house therefrom, as a tenant's fixture, at the end of the lease, is forfeited by his neglect to make any attempt to avail himself of it for six weeks after the lease expires.

HOAR, J. The material facts which are decisive of the rights of the parties to this case are few and easily understood.

The action is tort in the nature of trover to recover the value of a house. The house was built by the plaintiff upon land which he held under a lease, with the privilege of removing the house at the expiration of the lease, upon the performance of all his covenants. The land was then sold to Edward Callaghan; and the plaintiff afterwards sold the house to Callaghan, who, at the same time and as a part of the same transaction, made a mortgage of the house as personal property to the plaintiff's wife, to secure a part of the purchase money, which mortgage has come by mesne assignments to the plaintiff, and is the title under which he claims. The land was afterwards conveyed by

Callaghan, without mentioning the house in the deed, and the title has come to the defendant. The plaintiff did not attempt to remove the house, or make a demand for it until six weeks after the expiration of the lease. The defendant claims to hold the house as a part of the real estate.

It is a question of some interest, whether the conveyance of a house as personal property can have any validity against a purchaser of the land on which it stands, who has no notice of such a severance from the realty, the house being affixed to the land in the usual manner. But we do not propose to examine that question, because, upon the facts reported, the plaintiff must choose one of two alternatives, either of which is fatal to his case.

It is, in the first place, quite obvious that if the title to the house and land vested together in Callaghan, so that he was the owner of the whole property, it was one piece of real estate ; and that he could not sever and convey as personal estate any interest in it, merely by treating it as such in the instrument of conveyance.

And, in the next place, if the interest which Callaghan had in the house as personal property can be regarded as having been kept distinct from the purchase of the land, and it passed by the mortgage, it was only the same interest which the plaintiff previously held under the lease. This gave only the right to remove the house at the end of the lease, as a tenant's fixture ; and he did not avail himself of this right, or even make a demand for the house, for six weeks after the lease expired, which is much more than a reasonable time. If the difficulty of removing so large and ponderous a fixture would require, as has been argued on behalf of the plaintiff, so long a period of time to accomplish it, we can have no doubt that it was wholly unreasonable to wait so long before beginning to remove it, or making any attempt for that purpose. The house, therefore, became annexed to the realty. *Exceptions overruled.*

*R. F. Fuller,* for the plaintiff.

*I. W. Richardson,* for the defendant.