### MARTIN MORRIS *vs.* AMOS B. FRENCH & another.

An agreement giving a right to remove a building which is put upon the land of another may be shown from the subsequent dealings of the parties.

The owner and the mortgagee of land both recognized an agreement giving a tenant the right to remove a building therefrom as his personal property. The owner became bankrupt, and his assignees sold the land to A., who afterwards redeemed the land from the mortgage. A., before the sale to him, knew that the tenant claimed the building as his personal property. *Held,* that A. was bound by the effect of the recognized agreement, although the assignees told him that the tenant's claim was unfounded.

WELLS, J. Pending a writ of entry, the demandant brings this bill in equity to prevent the removal of a building from the demanded premises. The defendants claim to be owners of the building as personal property, and to have the right to remove the same whenever they, or Charles B. Carter, who is their tenant of the building, and who is sole tenant in the writ of entry, shall be required to give up possession of the land.

The character of the building and its mode of annexation are such as to make it a part of the realty, unless separate title to it as personalty has been preserved by means of some contract, express or implied, by which the plaintiff, as owner of the land, is legally bound. To determine this question requires a careful examination of the facts attending the successive changes in the relations of the parties who have held an interest at different periods in the land and in the building.

The building was originally placed upon the premises by removal from another lot, by Jacob W. Robinson, who then held a lease from John A. Dix and Horace H. Wilson for the term of three years from March 26, 1859, with a right of extension at his option for a further term of two years. Dix and Wilson were themselves lessees of a larger lot including this, and for a longer term, from Josiah B. French, who then owned the land. The building was fitted up for a riding school, and was at first but slightly attached to the land. Subsequently it was more permanently attached, having been raised up, and a second story added.

The report contains no statement as to any express agreement or permission for the erection of the building upon these premises, and is silent as to the terms of either lease, so far as they

might affect the right of the tenant to erect buildings and remove them again.

If there was no agreement and no permission at the time of the erection, the building would at once become a part of the realty, either absolutely or as a tenant's fixture. *Gibbs* v. *Estey*, 15 Gray, 587. Whether, as a tenant's fixture, the right of removal has been lost by neglect to remove within a reasonable time after the termination of the tenancy by the plaintiff's acquisition of his title ; or whether this court would interfere to prevent the removal of the building at any time before the tenant himself leaves the premises, (see *Taylor* v. *Townsend*, 8 Mass. 411,) we need not determine, because we are satisfied that the subsequent dealings of the parties with the property sufficiently show the existence of some previous agreement or understanding, by virtue of which Robinson retained his title to the building as personal property. That such an original agreement or understanding may be shown by inference from the subsequent recognition of rights which can result only from its existence, was decided in *Howard* v. *Fessenden*, 14 Allen, 124. The exclusion of evidence of such subsequent recognition, in *Gibbs* v. *Estey*, must have been based upon the ground that, in that case, the assent and agreement were proved by direct evidence to have been in fact after the building was erected and in process of completion.

The facts in this case, which we deem sufficient, are these : On April 28, 1862, Jacob W. Robinson sold the building, describing it as a chattel, to Dix and Wilson, who at the same time gave a chattel mortgage upon it to F. W. Robinson. Dix and Wilson had previously become owners of the fee, by purchase of the land of which they were lessees, from Josiah B. French, giving back to French a mortgage upon the same. On July 1, 1864, French took possession under his mortgage, by virtue of a written agreement with Dix and Wilson, the purport of which is not stated. In the mean time, Dix and Wilson had released their remaining right in the building to F W. Robinson, who conveyed, by bill of sale, one half of the building to the defendant William Bascom. French, the mortgagee in possession, then leased to Robinson and Bascom for the term of three years, at an annual

rent of $80, that part of the land which had been previously leased to Jacob W. Robinson, " providing said French does not sell the said land to said Bascom and Robinson, on which the building now stands, or buys the said building situated on said land at the expiration of said term." F. W. Robinson in October 1868 sold his half of the building to the defendant Amos B. French, who, with the other defendant, Bascom, continued to occupy as tenants of Josiah B. French until July 1, 1869, when his mortgage was redeemed. Dix and Wilson having become bankrupt, their title in the land was sold in April 1869 by their assignees in bankruptcy to the plaintiff, who also paid off the mortgage under a decree for redemption, taking from Josiah B. French an assignment of an account for rent in arrears, amounting to $100, for the year ending July 1, 1869, which claim was afterwards paid to the plaintiff by the defendants. It appeared that before the plaintiff took his deed from the assignees in bankruptcy " he had been informed and understood that the defendants claimed a title in the building, separate from the ownership of the land, and that they insisted that the building, under the circumstances, was personal property ; " but he was also assured by the assignees " that the claim of the defendants was unfounded and without legal validity."

The transactions of Dix and Wilson, first with Jacob W. Robinson, and then with F. W. Robinson, prove an original agreement or understanding, which fixes the character of the building as personal property, as against them. The mortgagee, Josiah B. French, who was owner of the land when the building was placed upon it, also recognized the separate title of Bascom and Robinson, ratifying the agreement on which it depended, and thus waived any superior claim which he might otherwise have had. The plaintiff, taking with notice of the facts, can make no better title than those from whom he derives his rights. The representations of the assignees do not avail against the facts of which he was informed. Whether he relies upon his deed of the equity or his redemption of the mortgage, both titles were previously bound by the effect of the recognized agreement; and he shows no legal or equitable ground upon which to avoid it.

As the building is personal property, the defendants cannot be prevented from removing it whenever they choose, so long as they remain in possession themselves. *Bill dismissed.*

*T. H. Sweetser & J. F. McEvoy,* for the plaintiff.

*T. Wentworth,* for the defendants.