PATRICK MADIGAN *vs.* ANN T. McCARTHY & others.

**If** a tenant at will of land removes a substantially constructed building from another place, and puts it on the land, upon stone foundations, with a cellar under it, as and for a permanent dwelling-house, without the consent of the landowner, or any contract with him, express or implied, that the tenant shall hold it as personal property, it becomes part of the realty, and cannot afterwards become personal property by the mere assent of the landowner without an actual severance of it from the land.

MORTON, J. This is a suit in equity brought by the holder of a second mortgage of real estate, to redeem a prior mortgage. The case having been referred to a master in chancery, the proper mode of presenting to the court any questions raised by his report would have been by specific exceptions taken by either party to the report. *Dean* v. *Emerson,* 102 Mass. 480. But as the defendants do not object to the irregularity of the mode in which the case is brought before us, and as both parties have argued the case upon its merits, we have considered the question raised by the report of the master. This question is, whether the house upon the mortgaged land is, as to the plaintiff, real or personal estate.

The master in his report states that he is " of the opinion that the building on said premises is personal property, never having become a part of the realty." We do not understand this as a finding of a contested fact upon unreported testimony, but as his ruling as to the legal result of the facts proved, which are stated in full in the report for the consideration of the court. We are therefore to test the correctness of the master's ruling by inquiring whether, upon all the facts reported, the house is to be regarded as part of the realty or as personal property.

The presumption is, that buildings belong to the owner of the land on which they stand, as a part of the realty. If one erects a permanent building, like a dwelling-house, upon the land of another voluntarily and without any contract with the owner, it becomes a part of the realty, and belongs to the owner of the soil. There is an exception to this general rule, where there is a contract, express or implied, with the owner, that the building shall not become a part of the realty, but shall remain personal property. *First Parish in Sudbury* v. *Jones*, 8 Cush. 184. *Howard* v. *Fessenden*, 14 Allen, 124. It has also been decided that, if a building has once been annexed to the realty, any subsequent contract of the owner, or any acts of his, such as giving a chattel mortgage, without a severance, will not, as against a purchaser of the land, disconnect it from the realty and give it the character of personal property. *Richardson* v. *Copeland*, 6 Gray, 536. *Gibbs* v. *Estey*, 15 Gray, 587. *Burk* v. *Hollis*, 98 Mass. 55. *Poor* v. *Oakman*, 104 Mass. 309.

Applying these principles to this case, we are of opinion that upon the facts shown in the report the house in question cannot be regarded as personal estate. *Primâ facie* it is a part of the realty, and belongs to the owner of the land on which it stands. The burden of proof is upon those who claim that it is personal property, to show that it retains that character. It appears by the report, that the house was put upon the land in 1842 by Nathan Pearson, who was tenant at will under the heirs of Benjamin Pickman. It was a substantial structure, with a cellar under it and foundations of stone, and was intended to be, and has ever since been, occupied as a permanent dwelling-house. The report does not find that it was moved upon the land with the consent of the owners, or under any contract with them, express or implied, that it might remain the property of Pearson as a personal chattel. The only fact stated in the report bearing upon this point is, that " it is admitted that the Pickmans never would have claimed the building." This may be evidence of a previous consent that Pearson might put the house upon the land as a personal chattel, but it does not prove it. Of itself it is not sufficient, without the aid of other proof, to show such previous consent.

It is equally consistent with the idea that the house was put upon the land without their consent, but that they by a subsequent assent were willing upon equitable considerations to allow Pearson the benefit of his expenditures. Upon the authorities above cited, such subsequent assent could not give the house the character of personal property, without a severance. In *Gibbs* v. *Estey*, it was held that where the owner of the land agreed, after the house was commenced and before it was completed, that the builder should hold it as personal property, the agreement was inoperative, and the house became annexed to the realty, as to a subsequent grantee of the land. We are of opinion that the facts of this case do not show that it is within the exception to the general rule as established by the decided cases; and we are not inclined to extend an exception the tendency of which is to confuse and unsettle titles to real estate.

The result of these considerations is, that the house in question became realty when it was put upon the land by Pearson, and that the subsequent mortgages and other conveyances of it as personal property were inoperative and void as against the purchasers of the land.

The respondent Ann McCarthy holds a mortgage of the realty dated May 16, 1859. The plaintiff holds a second mortgage dated April 7, 1860. According to the principles we have stated above, as to these mortgages, the house is to be regarded as a part of the realty. The case must be recommitted to the master to state the accounts between the parties upon these principles.                    *Decree accordingly.*

*G. Wheatland,* for the plaintiff.

*C. Sewall,* for the holder of the prior mortgage.