SAMUEL HARTWELL *vs.* PATRICK KELLY.

Worcester. Oct. 8, 1874.—March 1, 1875. COLT & MORTON, JJ., absent.

The owner of land gave a tenant permission to put a building on the land, for the purpose of carrying on his trade, on condition that the tenant should pay a certain rent, reserved the right to terminate the occupancy by giving six months' notice in writing, and gave the tenant the right to remove the building after six months' notice in writing and the payment of all rent due. The tenant put a building on the land, standing by its own weight on posts set in the ground, and mortgaged the building as personal property. After this, the landlord, without making a demand for the rent on the day when it became due, entered upon the premises and into the building for breach of the condition to pay rent, fastened the building and retained the key. The mortgagee then gave notice to foreclose the mortgage, and removed the building by a writ of replevin. *Held,* that the entry by the landlord did not work a forfeiture of the tenant's rights under the lease at common law. *Held, also,* that the building was personal property, and might lawfully be mortgaged. *Held, also,* that an action of trespass, for breaking and entering the plaintiff's close, would not lie by the landlord against the mortgagee, for removing the building under the writ of replevin, if no unnecessary, wanton or unreasonable injury was done to the freehold, although the landlord had a lien on the building for rent, and the removal of the building was subject to conditions which the tenant had not fulfilled.

TORT for breaking and entering the plaintiff's close in Southbridge, digging up the soil and removing a building. Trial in the First District Court of Southern Worcester, the judge of which allowed a bill of exceptions in substance as follows:

In November, 1872, James P. Sullivan applied to the plaintiff for permission to occupy a part of the land described in the plaintiff's declaration, for carrying on the business of marble and stone cutting. The plaintiff stated to him the conditions of occupancy, which were similar to those contained in the written lease hereinafter named. Sullivan, in December following, built on the land a wooden building, standing by its own weight on posts set and embedded deep in the ground. Afterwards Sullivan mortgaged the building to the defendant on December 21, 1872, by deed recorded in the town clerk's office in Southbridge on January 4, 1873. On March 16, 1874, the mortgagee gave notice of foreclosure, which was recorded April 9, 1874. On January 1, 1873, the plaintiff gave to Sullivan an instrument under seal, signed by the plaintiff, granting Sullivan " permission to occupy the land upon which his marble shop is now built, situated upon the west-

erly side of Central Street, in said Southbridge, for the purpose of carrying on the trade of marble cutting, upon condition of the payment by the said Sullivan of rent for the use thereof, at the rate of thirty dollars per year, payable quarterly from the first day of December last, reserving to myself, my heirs and assigns, the right of terminating such occupancy by giving six months' notice in writing, and giving to the said Sullivan also the privilege of removing said building after six months' written notice, and the payment of all rents that may be due for the use of said land." No other contract or understanding was ever entered into between the parties than this one in writing regarding the occupancy of the premises. Sullivan carried on business till some time in January, 1874, and then suspended work, and left early in February following :

Sullivan paid but about $15 rent, the last money paid being in October, 1873. The plaintiff made frequent demand for his rent, but no demand was made March 1, 1874, the quarter day named in said lease, Sullivan being away. On March 12, 1874, the attorney of the plaintiff, in presence of witnesses, entered upon said premises and into said buildings for breach of the conditions of the lease, and fastened it up and retained the key, claiming a forfeiture of all rights to the premises and property for the non-payment of rent. After this the defendant demanded of the plaintiff a statement of the amount of rent due, and the key to the building, which were refused, the defendant saying he was willing to pay the rent due. The plaintiff claimed the property. Thereupon the defendant brought an action of replevin for the building, which was served on March 23 by a deputy sheriff, under the direction of the defendant, who was present and gave the directions to the workmen during its removal. It was duly served, and the injuries to the premises were done in digging up the ground when the building was so removed. It did not appear that the plaintiff ever gave six months' notice in writing to Sullivan to remove the building, or that Sullivan or the defendant ever gave six months' written notice to the plaintiff. Upon this evidence, the defendant contended that the plaintiff could not recover ; the judge ruled that the action could be maintained and directed the jury to return a verdict for the plaintiff, and the jury thereupon returned a verdict for the plaintiff and assessed

damages at one dollar; and the defendant alleged exceptions to this ruling. The exceptions were overruled in the Superior Court, and the defendant appealed to this court.

*J. M. Cochran*, for the defendant.

*A. J. Bartholomew*, for the plaintiff.

AMES, J. The bill of exceptions sets forth that Sullivan had permission to occupy a part of the plaintiff's land, for the purpose of carrying on the business of marble and stone cutting. The building was thereupon erected on the land with the plaintiff's consent, with a right, by express agreement, on Sullivan's part to remove it. It was therefore personal property, and rightfully mortgaged as such to the defendant. *Hinckley* v. *Baxter*, 13 Allen, 139. *Howard* v. *Fessenden*, 14 Allen, 124. *Shaw* v. *Carbrey*, 13 Allen, 462. *Morris* v. *French*, 106 Mass. 326. *Ham* v. *Kendall*, 111 Mass. 297. The plaintiff had not given notice to Sullivan, according to the terms of the memorandum, for the purpose of terminating his occupation, and there have been no proceedings which would operate as a forfeiture of his right at common law. *Chapman* v. *Harney*, 100 Mass. 353. *Kimball* v. *Rowland*, 6 Gray, 224.

As the building was personal property, and lawfully mortgaged to the defendant, he had a title which he might lawfully seek to enforce by a writ of replevin. Even if the right to remove the building was subject to conditions which Sullivan had not fulfilled, or the plaintiff held a lien upon it for his rent, it would not follow that the officer or his assistants would be trespassers in serving a writ of replevin in a proper manner. His justification does not depend upon the ability of the plaintiff in replevin to maintain his suit successfully. The precept would be a protection to the officer serving it, and also to the defendant and all other persons reasonably employed by the officer to assist him in taking and removing the building in obedience to the precept. *Chase* v. *Ingalls*, 97 Mass. 524.

The right to take the building of course implies the incidental right to enter upon the lot of land where it stood, for the purpose of taking it. As the verdict for the plaintiff was for a nominal sum only, we may infer that no unnecessary, wanton or unreasonable injury was done to his freehold.

*Exceptions sustained.*