FREDERICK W. KORBE *vs.* JANE BARBOUR.

Essex.   Nov. 5, 1880. — Jan. 17, 1881.   ENDICOTT, J., absent.

A bake-house and oven, built of brick and resting on stone foundations embedded in the ground, were erected, under an agreement with the owner, by a tenant of a store on the land who carried on the business of a bakery therein, the owner agreeing that, if the tenant "should be taken away, or anything should happen, he would take it off his hands at a fair valuation."   The tenant afterwards sold the business and fixtures, including the bake-house and oven, and the owner consented to accept the purchaser as tenant on the same terms as the former tenant; and also agreed that the purchaser might remove everything he bought of the former tenant, including the oven.   The purchaser, after receiving notice as tenant at will to quit the premises, attempted to remove the bake-house and oven, and was forbidden to do so by the owner.   *Held,* in an action, by the purchaser against the owner of the land, for the conversion of the bake-house and oven, that there was evidence of a conversion proper to be submitted to the. jury.

TORT in three counts.   The first count alleged a conversion by the defendant of a baker's oven, the property of the plaintiff.   The second, that the plaintiff was a tenant at will of the defendant and the owner of a certain trade-fixture, to wit, a bake-house and baker's oven, attached to the premises of the defendant under an agreement that the plaintiff should be allowed to remove the same, and that during the tenancy, and

while the plaintiff was in possession, he attempted to sever and remove said oven, but was prevented from so doing by the defendant. The third, a conversion by the defendant of three brick walls containing twenty thousand of brick, with a roof over the same and a floor in the same. Answer, a general denial. Trial in the Superior Court, before *Gardner*, J., who reported the case for the consideration of this court, in substance as follows :

The plaintiff introduced evidence tending to prove that the defendant, who lived in Providence, Rhode Island, owned the land upon which the bake-house and oven were built, the land being situated in Lawrence in this Commonwealth; that the defendant's brother, William Barbour, who lived in Lawrence, acting as her agent, built a store upon the land, and thereafter, until his death on February 5, 1878, had the general care and management of the premises.

The plaintiff called as a witness one Kent, who testified that, in May, 1875, he became a tenant at will of the store and land, under a contract with William Barbour, and held the store for the purpose of carrying on the business of a baker; that, in August following, he asked Barbour to erect for him a baker's oven on the land in rear of the store, and which was part of his tenement; that Barbour said he would build the oven and charge Kent a percentage, or Kent could build the oven and have a lease of the premises as long as he wanted it, and if Kent "should be taken away, or anything should happen, he would take it off his hands at a fair valuation;" that nothing was ever said between Kent and Barbour, or by Barbour in Kent's hearing, about the right of removal of the bake-house and oven; and that thereupon it was erected by Kent.

The bake-house was built of brick walls set on ordinary stonewall foundations; and the oven was built of brick, inside of the house, occupying the entire width of the same and about one half its length, was about eight feet high, and rested on stone foundations, which were embedded in the ground. There was no cellar under either.

In February 1876, Kent proposed to sell out his bakery business and fixtures to the plaintiff, and he and the plaintiff informed Barbour of the proposed transfer, and Barbour consented

to accept the plaintiff as his tenant to hold on the same terms as Kent had held, and agreed to give the plaintiff a lease for five years. Thereupon the plaintiff took from Kent a bill of sale of all the bakery property, including the bake-house and oven, and entered into possession as tenant at will, and continued therein until October 1878.

The plaintiff and another witness called by him testified that, before he took the transfer from Kent, Barbour agreed that the plaintiff might remove everything he purchased of Kent, including the oven.

The plaintiff also introduced evidence tending to prove that, in October 1878, while his tenancy continued, but after the service on him of a notice to quit the premises, he attempted to move the bake-house and oven, and was forbidden to remove them by the defendant's agents. The plaintiff demanded the right to remove the property, and the defendant's agent told him he could not remove them. Before this action was brought, the defendant claimed title to the bake-house and oven, and so stated to the plaintiff. Neither Kent nor the plaintiff knew until the death of Barbour that the defendant was the owner of the premises.

Upon this evidence, the judge ruled that the action could not be maintained; and directed a verdict for the defendant.

If the ruling was erroneous, a new trial was to be had; otherwise, judgment on the verdict.

*E. T. Burley,* for the plaintiff.

*A. C. Stone,* for the defendant.

COLT, J. The bake-house and oven were erected on the defendant's land with her consent, while Kent occupied the premises as her tenant. They were built on stone foundations, in a way to make them a part of the realty in the absence of any agreement to the contrary. It is settled that, when one erects a building for a temporary purpose on the land of another with the knowledge and consent of the owner, an agreement for the separate ownership of the building and a right to remove it may be implied from the circumstances and conduct of the parties. It is not necessary in all cases to prove a contract in express terms. *First Parish in Sudbury* v. *Jones,* 8 Cush. 184, 190. It seems to have been held in some of the States, if not in this

Commonwealth, that such an agreement may be implied from the mere fact that the building was erected with the consent of the owner of the land. *Howard* v. *Fessenden,* 14 Allen, 124. *Madigan* v. *McCarthy*, 108 Mass. 376. *Wells* v. *Banister*, 4 Mass. 514. *Curtis* v. *Riddle*, 7 Allen, 185. *Osgood* v. *Howard,* 6 Greenl. 452. *Russell* v. *Richards*, 2 Fairf. 371. *Aldrich* v. *Parsons*, 6 N. H. 555. *Dame* v. *Dame*, 38 N. H. 429.

It is not necessary in this case to put the plaintiff's right to recover upon the mere consent of the defendant. There was evidence which, under our decisions, would fully warrant a jury in finding that, before the building and oven were erected, an agreement that it should remain the personal property of Kent was made with him by the authorized agent of the defendant. The premises were then occupied by Kent as tenant at will. The understanding as testified to by him implies that the build-- ing was to remain his property, to be taken and paid for by the defendant in case Kent " should be taken away, or anything should happen," at a fair valuation. This implies ownership in Kent or his representatives at the time of the proposed valuation. But, in addition to this, there was evidence that, when the agent of the defendant afterwards consented to the sale of the bakery business, together with the new buildings and fixtures from Kent to the plaintiff, and agreed to accept the latter on the same terms as tenant in place of Kent, he also agreed that the plaintiff might remove everything he purchased of Kent, including the oven. This agreement with the plaintiff has the character of an agreement made for the purpose of inducing the latter to buy the business and fixtures, and continue the occupation of the premises as the defendant's tenant; but whether conclusive as an estoppel or not, it is evidence from which the original agreement with Kent may be fairly inferred. It is settled that the agreement may be shown by the subsequent admissions and dealings of the parties. *Howard* v. *Fessenden*, above cited. *Morris* v. *French*, 106 Mass. 326. *Shaw* v. *Carbrey*, 13 Allen, 462.

Upon the facts reported, it could not be properly ruled that there was no evidence which would justify a finding that the defendant agreed that the building, with the oven and the materials of which they were constructed, should continue to be

personal property, and subject to distinct and independent ownership as such, apart from any title to the soil on which they were erected. *Curtiss* v. *Hoyt*, 19 Conn. 154. *Prince* v. *Case*, 10 Conn. 375. *Smith* v. *Benson*, 1 Hill (N. Y.) 176.

In this view, the plaintiff can maintain trover for the conversion of the building and materials as personal property. The case is distinguishable from those where it is held that trover will not lie for the conversion of trade-fixtures which have become part of the realty so long as they remain annexed, although removable by the tenant during the term. *Guthrie* v. *Jones*, 108 Mass. 191, 196. *Minshall* v. *Lloyd*, 2 M. & W. 450. The reason is, that such fixtures, when annexed by the tenant without special agreement, become part of the freehold, and remain so till removed. The tenant has only the right of removal. Here, the building by force of the agreement remained all the time personal property.

The defendant claimed title to the property. The plaintiff, after receiving notice as tenant at will to quit the premises, attempted to remove it, and was forbidden by the defendant's agents. He demanded the property, and was told that he would not be allowed to remove it. This was evidence of a conversion proper to be submitted to the jury under proper instructions. *Dolliver* v. *Ela*, 128 Mass. 557.　　　　　*New trial ordered.*