## JEREMIAH K. ALDRICH *vs.* HANNAH HUSBAND.

Bristol. October 27. — 31, 1881. MORTON & ALLEN, JJ., absent.

A building, fitted up as a dwelling-house and affixed by a person to land owned by him in common with another person, without any previous or contemporaneous agreement that it shall remain personal property, becomes a part of the realty, and cannot afterwards be made a chattel by an indefinite understanding between them; and, upon a petition for partition of the land under the Gen. Sts. *c.* 136, the person so affixing the building is not entitled to set up any special right therein as real estate.

PETITION for partition of certain land in Taunton. Trial in the Superior Court, without a jury, before *Knowlton*, J., who reported the case for the determination of this court, in substance as follows:

On March 17, 1871, Charles Husband bought the land described in the petition, and on June 20, 1871, sold an undivided half thereof to the petitioner. In April 1873, he bought and removed to this land a building, and as tenant in common, with a view to his own profit, and in the expectation of making with the petitioner some equitable and proper arrangement for the protection of his rights and the security of his investment in the property, he fitted it up as a dwelling-house connected with the realty in the usual way.

The petitioner lived in Rye, New Hampshire, and had no knowledge of the erection of this building, and gave Charles Husband no authority regarding it until he came to Taunton in September 1873, when he found the house finished and ready for occupation except the painting and papering, which was then being done and was soon after completed. No formal contract was ever made about the building; but from conversation

between the petitioner and Charles Husband, the day he came to Taunton and first saw it, a mutual understanding and agreement grew up that the ownership of it should be and remain in Charles Husband until some new arrangement should be made; and the building was treated as his by both parties until his death, in February 1875, and afterward was treated as the respondent's, who succeeded to his rights in the property, until May 1877, when a claim of ownership of one half of it was first made by the petitioner. The entire cost of the building and of fitting it up was paid by Charles Husband; and it occupied a small lot upon one corner of the land in question.

The respondent contended that the building belonged solely to her, and could not be included in the partition; but the judge ruled that the foregoing facts would not warrant a finding of title in her favor.

She also contended that the above facts and findings, even if not sufficient in law to constitute the house the personal property of the respondent, nevertheless authorized such a partition of the land that the one half thereof containing the building should be assigned to her, and that the warrant to the commissioners might so direct; but the judge ruled otherwise, and ordered a partition to be made as prayed for.

If, upon the facts, a finding could properly be made that the building belonged to the respondent as personal property, the order for partition was to be modified accordingly; and if the respondent was entitled to have the one half of the land containing the building set off to her on account of the erection of the house upon it, a new trial was to be ordered, or such other disposition made of the case as the law required.

*E. H. Bennett*, for the respondent.

*W. H. Fox & W. E. Fuller*, for the petitioner, were not called upon.

GRAY, C. J. The house having once been affixed to the freehold, and there being no evidence whatever of any previous or contemporaneous agreement that it should remain personal property, it became part of the realty, and could not afterwards be made a chattel by express parol agreement, and still less by an indefinite understanding. *Gibbs* v. *Estey*, 15 Gray, 587. *Howard* v. *Fessenden*, 14 Allen, 124. *Morris* v. *French*, 106 Mass.

326. *Madigan* v. *McCarthy*, 108 Mass. 376. *Westgate* v. *Wixon*, 128 Mass. 304. The respondent has therefore no title in the building as personal property.

Nor has she any special right in it as real estate, which can be asserted in this form of proceeding. In a petition under the statute, the manner of partition is to be determined by commissioners, and not by the court before issuing a warrant to them ; and a respondent who has not denied the petitioner's title in the land, nor held it under a title which he believed to be good, can have no allowance for improvements. Gen. Sts. *c.* 136, §§ 20, 46. *Chandler* v. *Simmons*, 105 Mass. 412. Whether, as the learned counsel for the respondent contends, she might obtain relief by bill in equity, is not before us.

*Judgment for partition.*