ANNA D. GUERNSEY & another *vs.* JOHN T. WILSON.

Suffolk. Jan. 26. — March 3, 1883. FIELD & W. ALLEN, JJ., absent.

A mortgagor of land remained in occupation thereof after the mortgage had been foreclosed, to his knowledge; and, without the consent of the owner, erected a house and barn thereon, which rested on posts sunk into the ground, earth being banked up above the sills of the house, and the space between the barn and the ground being boarded up, the upper boards being nailed to the barn and the posts. The barn projected over other land of the mortgagor, and the entrance to it was from his land. Both house and barn could be removed without doing any great injury to the land. *Held,* that both house and barn became part of the realty; and that the owner of the land could maintain a bill in equity to restrain the mortgagor from removing them.

BILL IN EQUITY, filed March 28, 1881, by Anna D. Guernsey and her husband, for an injunction to restrain the defendant from removing certain buildings from a parcel of land in Winchester. Hearing before *Field,* J., who reported for the consideration of the full court the following case:

The land described in the bill was the property of the firstnamed plaintiff, who acquired the same from the receivers of the Mercantile Institution for Savings. The defendant, who previously owned the land, mortgaged it to one Judkins, who assigned the mortgage to the Mercantile Institution for Savings. The receivers thereof foreclosed the mortgage for breach of the conditions, and after the foreclosure had become complete, and after knowledge thereof on the part of the defendant, he without the consent, express or implied, of the receivers, in the fall of 1880, built upon the land a wooden house, fitted and intended for a dwelling, to be used in connection with the land. The house was thirteen feet by twenty-four feet, and rested upon posts sunk into the ground, with the earth banked up above the sills of the house

on all sides thereof. The defendant, in the fall of 1879, also built on the land a wooden barn twenty-five feet by thirty-six feet, the main entrance to which was upon land belonging to his wife, the barn extending into the land of the defendant's wife not more than eighteen inches at any point. It rested on posts sunk into the ground, with the space between the barn and the ground boarded up, the upper boards being nailed to the posts and to the sills of the barn, and the earth being banked up on three sides around the barn. Both house and barn were built after the foreclosure became complete, and after the defendant knew this; but he had continued in occupation of the land, it being vacant, without either the consent or the express prohibition of the owners of the land. The defendant thought that he might perhaps at some time buy the land, and his immediate intention was to use the house for a farmer to occupy, who should be employed on this land and the adjoining land of his wife, and the barn was intended to be used in connection with both lots of land. The house and barn could be removed without doing any great injury to the land, or to the vines, trees and shrubs upon it. The plaintiffs were neighbors of the defendant, and knew that he erected the house and barn, but did not know the state of the title or his relations to the land when he erected the same, and the first-named plaintiff bought the land without that knowledge. After the foreclosure and the conveyance of the land, the defendant made daily use of the barn, although notified by the plaintiffs to desist from passing upon the land; and, before this bill was brought, the defendant threatened and was preparing to remove the house and barn from the land, and claimed the right to do so.

On these facts, the judge entered a decree for the plaintiffs, from which the defendant appealed. Such decree was to be entered as justice might require.

*A. D. Bosson*, for the plaintiffs.

*J. T. Wilson, pro se.*

HOLMES, J. The defendant in this case was the former owner of certain land subject to a mortgage. The mortgage was foreclosed with his knowledge. He remained in occupation of the land, and, without any contract or consent on the part of the owner, put up a house and part of a barn upon it. The female

plaintiff then bought the land, and now seeks to enjoin the defendant from removing the structures.

When the buildings were attached to the realty, they became part of it, and the defendant does not bring himself within the rules that authorize a severance, even as against the owners at that time. *Sudbury Parish* v. *Jones*, 8 Cush. 184, 190. *Oakman* v. *Dorchester Ins. Co.* 98 Mass. 57. *Madigan* v. *McCarthy*, 108 Mass. 376, 377. The plaintiff seems to have the additional circumstance in her favor, that she is a purchaser without notice. *Gibbs* v. *Estey*, 15 Gray, 587. *Madigan* v. *McCarthy*, *ubi supra.* At all events, she has a perfect title; and no reason is disclosed why equity should not protect her from irreparable damage.

*Decree for the plaintiffs.*