Bissell, P. J.,
delivered the opinion of the court.
This is probably the most extraordinary instance of the exercise of that American birthright, the privilege of litigating with one’s adversary, that the courts of Colorado have ever known. It involves six bits. It grows out of the following facts: In 1891, J. S. Major was the owner of a house and lot on Lincoln avenue in Denver. According to the judgment of the court below, he rented the premises to McNeal, the appellee, for a certain period at a fixed rental. As established by that finding, this leasing was until the first of June, 1892, at a monthly rental of eighteen dollars, payable on or before the 5th of the month, coupled with the further agreement that the landlord should be responsible for necessary repairs which the tenant was allowed to make and deduct from the rent. The tenant went into possession under the agreement, and paid his rent promptly, including what rvas due in the early part- of March. Later in the month the drain pipe seems to have needed repair, and the tenant had it fixed at a cost of seventy-five cents. When the rent became due in April, McNeal sent a check for $17.25 and the plumber’s receipted bill for seventy-five cents to the appellant, Mitchell, who had bought the property. There was some controversy as to any notice of the transfer, but this is unimportant, since the check and the bill were sent to the grantee, Mitchell. Mitchell declined to receive it, sent the check and the bill back with a demand for eighteen dollars. There is some dispute as to another demand which he made for an additional dollar as a compensation for his trouble, but this does not bear upon the controversy. The tenant declined to pay the eighteen dollars, whereupon Mitchell commenced proceedings in forcible entry and detainer to recover possession for the nonpayment of rent. The tenant defended, made tender in the justice’s court of $17.25, and pleaded the performance of his agreement as to the balance. The justice rendered judgment against the tenant for eighteen dollars, which he thereupon paid into court, as he was re *38 quired to do under the statute, since he took an appeal from the judgment to the county court. The case went to the county court by this appeal, and during the time it was there the May rent became due, and it was paid into court under the statute. Under some arrangement between the parties, the court ordered that this rent be turned over to the landlord and he received it, the case remaining for trial upon the issue as to the terms of the lease and the binding character of the contract made between the landlord and the tenant.
The court tried the case, and as a matter of fact found that the agreement between Major and McNeal was as claimed by the tenant, and he had a right to make the repair and deduct it from the rent. Finding these facts, he rendered a judgment against the appellant, Mitchell, for the seventy-five cents and the costs. To reverse this judgment, the ease is brought into this court. We confess that, even if it were a matter of doubt, we should be inclined to resolve the questions involved in favor of the appellee, that litigation of this description might be discouraged. Of course, if the law was with the appellant, we would be compelled to protect his rights however much we might condemn the practice of litigating such insignificant controversies, and however much we might be inclined to rely on the maxim de minimis non curat lex. We do not discover that there is any legal principle which compels us to reverse this judgment. We shall accept the findings of the court as conclusive upon the questions of fact, and therefore we shall decide the case upon the hypothesis that, by the terms of the contract with Major, the tenant had a light to make this repair and charge it against the rent. A covenant to repair runs with the land. Tiedeman on Real Property, § 190.
The subsequent grantee takes the property charged with the burden of any agreement whereby property otherwise real becomes by the terms of the convention personal in its character. Madigan v. McCarthy, 108 Mass. 376; Gibbs v. Estey, 15 Gray, 587.
If, by the terms of the agreement between the lessor and *39 the lessee, the lessee should erect a structure on the property which by their contract was to remain a chattel with the right of removal, it would hardly be seriously argued that the grantor could escape the force of the agreement, or the grantee become the owner of that which was the property of the tenant because of a subsequent transfer. From this illustration, it is evident that the same rule must prevail concerning the other terms of the tenancy, if it be a valid and a binding letting.
It is scarcely worth while to extend this opinion either by a citation of authorities sustaining its conclusion, or by an expression of the reasons on which it is based. It is enough to say that where the lease between the parties is one which may be made by parol, and be binding under the statute, it is as obligatory on a subsequent grantee as though it was expressed in writing, and the parties bound by covenants which would be conceded to run with the land, because contained in some proper and sufficient instrument.
We discover no reason which constrains us to reverse the case, and the judgment is accordingly affirmed with costs.

Affirmed.