### ETHEL BEERS *vs.* EDWARD McGINNIS.

Middlesex.     January 11, 1906. — March 14, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Trespass. Pleading, Civil. Practice, Civil,* Amendment, Exceptions.

The *Six Carpenters' Case,* 8 Coke, 146 a, is followed in this Commonwealth.
The declaration in an action of tort alleged that the defendant forcibly entered the plaintiff's close and did certain damage as alleged. At the trial it appeared that the defendant was employed by the plaintiff to build a barn and had gone upon the plaintiff's land to finish it, that while thus lawfully on the plaintiff's land he passed over newly seeded portions of it and did unnecessary and unreasonable damage, that the defendant had obtained a judgment against the plaintiff establishing a lien on the land under R. L. c. 197, for his work upon the barn, and that the only work done by the defendant within thirty days of the time of filing his certificate of lien under § 6 of that statute was the work done on the

day of the alleged trespass. A judge of the Superior Court, trying the case without a jury, found and ordered judgment for the plaintiff, and the defendant excepted. *Held,* that the defendant did not become a trespasser *ab initio* by his misconduct after his entry, which was made with the consent of the plaintiff, and accordingly that the plaintiff could not recover on his declaration in tort for breaking and entering the plaintiff's close, but that the plaintiff might be allowed to amend his declaration, on such terms as the Superior Court should order, by alleging as his cause of action the injury done by the wrongful acts of the defendant after his lawful entry, and that if such an amendment was made the defendant's exceptions should be overruled, but otherwise should be sustained.

SHELDON, J. This is an action of tort, in which the plaintiff alleges in her amended declaration that the defendant forcibly entered her close, being land with buildings thereon situated in Newton, and encumbered the same with tools and implements, trod down the grass, entered one of the buildings and threw down and injured its door, and did other wrongs to the close and buildings. The case was tried before the Chief Justice of the Superior Court without a jury. The defendant contended in justification of his acts that he entered the plaintiff's premises only to finish the work of building a barn for her under a contract with her. The alleged trespass was on the thirteenth day of May, 1903, the time of the last work done by the defendant. The plaintiff contended that before this time she had forbidden the defendant to enter her premises, and that his entry to do this work was unlawful. He afterwards had claimed a lien for a balance due him from the plaintiff for this work, and filed a certificate and brought a petition to establish a lien upon her estate, under R. L. c. 197, upon which a trial had been had, and his lien upon the plaintiff's estate had been established, and a warrant of sale issued; after which the amount due thereon was paid, and the present plaintiff then brought this action. The work done by this defendant upon the thirteenth day of May, 1903, was the last work done by him and the only work that he had done within thirty days of the time when he filed his certificate of lien, under R. L. c. 197, § 6.

The defendant contended and offered evidence to show that the main issue tried in his lien petition was whether he had any right on the premises on the thirteenth day of May when he did his last work there, and whether he previously had been forbidden by the plaintiff to enter the premises; that both sides

at that trial gave evidence on that issue, which the presiding judge in his charge to the jury commented on; and the defendant contended that the plaintiff was estopped by the judgment in that suit from claiming that his entry on that day was an unlawful breach of her close. There was contradictory evidence as to whether the defendant and his men unnecessarily and unreasonably on that day passed over newly seeded portions of the plaintiff's premises and did unnecessary and unreasonable damage.

The defendant in various requests asked the judge to rule that the plaintiff had not made out a case; that she was estopped to maintain her action by the judgment in the previous action to enforce the mechanic's lien; that if the question of whether or not the defendant was trespassing when he entered the plaintiff's premises on May 13, 1903, and did the work whereby he was enabled to maintain his lien, was tried upon his petition to enforce his lien, judgment having been entered in his favor in that case, this action could not be maintained; and that there was no evidence on which to hold the defendant in trespass. The judge refused each of these requests and ruled that the defendant was rightfully within the plaintiff's close for the work which he had done; but declined to rule that this prevented the plaintiff from recovering, and found specially that in making repairs upon the plaintiff's premises on the day in question the defendant or his men unnecessarily and unreasonably passed over newly seeded portions of the plaintiff's premises, and did unnecessary and unreasonable damage. He found and ordered judgment for the plaintiff in the sum of $20, the amount of such damage. The case now comes before us upon the defendant's exceptions.

Manifestly, it was found at the trial that the defendant's entry upon the plaintiff's premises was not an unlawful breach of her close; and we need not consider whether this was because the Chief Justice found that this question had been conclusively settled in the former action between these parties, or whether his ruling was based upon a failure of the plaintiff's proof. In either event, the first and principal question is whether the plaintiff upon the facts found at the trial can maintain this action.

The defendant did not become a trespasser *ab initio* by his

misconduct after his entry made by her consent by virtue of an agreement with her. The rule to this effect laid down in the *Six Carpenters' case,* 8 Coke, 146 a, has been followed in this Commonwealth. *Malcom* v. *Spoor,* 12 Met. 279. *Russell* v. *Hanscomb,* 15 Gray, 166. *Esty* v. *Wilmot,* 15 Gray, 168. There is no doubt that under the common law rules of pleading the plaintiff's declaration should have been in case, and not in *trespass quare clausum. Adams* v. *Hemmenway,* 1 Mass. 145. *Robbins* v. *Sawyer,* 3 Gray, 375, 377. And under our practice act, on such a declaration as this, the gist of the action is for the injury to the possession of the real estate; and unless the breaking and entering of the close is proved the action is not maintainable for the matter of aggravation, but damages therefor must be sought in a count framed for that single purpose. *Merriam* v. *Willis,* 10 Allen, 118, 119. *Knapp* v. *Slocomb,* 9 Gray, 73, 75.

The defendant appears to have distinctly called the attention of the judge at the trial to his contention that the action could not be maintained upon the declaration. Accordingly we are of opinion that upon the finding evidently made the judge should have ruled that the action could not be maintained as brought.

But while this is so, it appears to us that the merits of the case have been tried fairly and fully, without any surprise to the defendant. Where this appears, it often has been held that a plaintiff may be allowed, even after verdict, to amend his declaration so as to recover upon the cause of action which was intended to be brought, and which has been passed upon at the trial. *Cronan* v. *Woburn,* 185 Mass. 91. *Campbell & Zell Co.* v. *Barr Pumping Engine Co.* 182 Mass. 304. *Denham* v. *Bryant,* 139 Mass. 110. We think accordingly that the plaintiff should now be allowed to amend his declaration on such terms as may be ordered by the Superior Court; and if this is done, the exceptions will be overruled; otherwise the order must be

*Exceptions sustained.*

*C. Abbott,* for the defendant.
*F. H. Noyes,* for the plaintiff.