## WILLIAM A. BARNES *vs.* WILLIAM H. HOSMER.

Hampden.    September 24, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Fixtures. Personal Property. Evidence,* Circumstantial.

A building affixed to land becomes a part of the realty unless before it is affixed there is an agreement written or oral with the owner of the land that it shall remain personal property.

An agreement which was made before a building was affixed to the realty, that it should remain personal property, may be shown by inference from the subsequent recognition of rights which could result only from the existence of such an agreement.

Where a building has become affixed to the realty without any previous agreement that it shall remain personal property, it cannot be converted into personal property by any oral agreement with the owner of the land without a severance.

TORT for the alleged conversion of a house in the town of Russell.    Writ in the District Court of Western Hampden dated May 27, 1905.

On appeal to the Superior Court the case was tried before *Wait,* J.    The character of the evidence is described in the opinion.

At the close of the evidence the plaintiff asked the judge to make the following rulings:

1. "That a building erected upon land of another is personal

property when there is an express agreement that it may be such, when it may be fairly inferred from circumstances that it is such, or when the owner of the land has treated it as such."

2. "If evidence shows that the Woronoco Paper Company consented to the building remaining on the land since purchased and has collected rent therefor, the house is personal property."

The judge refused to make the rulings requested, and instructed the jury, that if they found that the house was on the land of the Woronoco Paper Company the evidence would not be sufficient to enable the plaintiff to recover and they must return a verdict for the defendant, and, if they found that the house did not stand on that company's land, they must determine whether it was personal property in accordance with principles stated in the charge.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions. For the purposes of the exceptions it was admitted in the bill of exceptions that the house stood on land belonging to the Woronoco Paper Company.

*H. N. Cross*, for the plaintiff.

*F. A. Ballou*, for the defendant.

RUGG, J. It was agreed by the parties at the argument that the house, for the conversion of which this action is brought, stood upon land of the Woronoco Paper Company. Its title came by a chain of six deeds, which were in evidence as far back as 1881, no one of which contained any reservation, exception or mention of the building. It had stood about thirty years, but there was no evidence as to the circumstances under which it was constructed or placed, nor as to who was the owner of the land, nor whether it was done by the owner or a stranger to the title, and if by a stranger, what his relations were to the owner of the freehold, nor anything to show that at or near that time anybody treated it as personal property. A building once affixed to the real estate becomes a portion of it, unless before it is so affixed there is a written or oral agreement with the owner of the land that it shall remain personal property. *Aldrich* v. *Husband,* 131 Mass. 480. *Gibbs* v. *Estey,* 15 Gray, 587. *Morris* v. *French,* 106 Mass. 326. *Madigan* v. *McCarthy,* 108 Mass. 376. *Hartwell* v. *Kelley,* 117 Mass. 235.

Such an original agreement or understanding may be shown by inference from the subsequent recognition of rights, which can only result from its existence. *Morris* v. *French*, 106 Mass. 326, 327. *Howard* v. *Fessenden*, 14 Allen, 124. *Korbe* v. *Barbour*, 130 Mass. 255. There is no evidence warranting such an inference in this case. Attributing its utmost weight to the testimony, it goes no further than to show at most a subsequent parol recognition of an undefined privilege existing in the person who assumed to own the building. The evidence covers only the few years last past, and shows that the Woronoco Paper Company asserted the right to assent to any transfer of interest in the building in order to give such transfer any validity, and a recognition of this claim by most of the parties in interest. No conveyance of the building by the owner of the land was shown. When a building has become affixed to the realty, without any previous agreement that it should remain personal property, it cannot thereafter be converted into personal property by any parol agreement with the owner of the land without a severance. There was no evidence of any severance. *Burk* v. *Hollis*, 98 Mass. 55. *Poor* v. *Oakman*, 104 Mass. 309. *Guernsey* v. *Wilson*, 134 Mass. 482. *Dudley* v. *Foote*, 63 N. H. 57. *Leonard* v. *Clough*, 133 N. Y. 292. To give effect to any such oral agreement or any course of conduct indicating such a subsequent oral agreement would be in contravention of the statute of frauds. The instruction, therefore, that the jury must return a verdict for the defendant in the event that it was found that the Woronoco Paper Company owned the land was correct. Neither of the prayers for instructions presented by the plaintiff was in accordance with the principles of law we have stated, and they therefore were refused properly.

*Exceptions overruled.*