*Southern Division*

**GEORGE H. DUQUENOY ET AL**

v.

**CORINNE C. DORGAN ET AL**

*Present:* Nash, P. J., Cox & Callan, JJ.

Case tried to *Welch, J.,* in the First District Court of Bristol. No. 482 of 1958.

*Cox, J.* The plaintiffs' declaration is in the nature of *trespass quare clausum.* It alleges that on or about June 25, 1958, the defendants made entry upon land in Seekonk of which the plaintiffs had legal possession and by force and arms and against the peace, carried away a garage owned by the plaintiffs.

There was a finding for the plaintiffs in the sum of $350.00. The case was reported be-

cause the defendants claim to be aggrieved by the judge's rulings and his refusal to rule as requested and by his finding for the plaintiffs.

The defendants make two contentions. First, they contend that the garage is personal property and belongs to them, and second, that it was removed by them when they were in possession of the premises as tenants at will and, therefore, there can be no recovery from them on the basis of *trespass quare clausum*. The defendants duly filed seven requests for rulings which present these two points. The judge allowed requests 1 and 4 and denied the others. They appear in the margin.

The plaintiffs purchased the land with the buildings thereon from Emeline LaGarde and another on May 23, 1958. The defendant, Corinne C. Dorgan, is the sister of Emeline LaGarde. For many years, Mrs. Dorgan and her husband occupied one of the houses as tenants, and after Mr. Dorgan's death she and her son, the other defendant, remained on as tenants.

On September 22, 1937, Mr. Dorgan purchased a portable garage which was erected on the premises.

The defendants paid their rent through July 5, 1958. They had previously caused the garage to be removed from the premises on June 17, 1958, their attorney by letter dated June 12 having notified the plaintiffs that the Dorgans claimed the garage.

The report states "The issue in the case is whether at the time of its removal the garage

was personal property or part of the real estate."

The garage is described as a portable or prefabricated one. It had been assembled on the premises. It was set on cedar posts and had a dirt floor. After its erection there was built an asphalt driveway, leading to the door, with a ramp four and one-half feet high for which Mrs. LaGarde had paid. No other evidence is reported which is descriptive of the garage, but the judge found that it was spiked to cedar posts which were the foundation.

There was evidence that before purchasing the property, the plaintiffs examined the premises with a broker. They visited Mrs. Dorgan's apartment while she was there, but had no talk with her. Before the plaintiffs purchased the property, Mrs. Dorgan asserted no claim to ownership of the garage. After the property was conveyed to the plaintiffs, Mrs. Dorgan then told them that she and her late husband had a bill of sale of the garage, which, however, has not been produced.

A building contractor testified that he knew the garage in question; that it had been there for 20 years; that he had repaired and painted it at Mrs. LaGarde's request and at her expense; and that he worked there four days three years ago. The case was tried on Oct. 9, 1958.

There was evidence for the defendants that Mrs. LaGarde gave Mrs. Dorgan and her husband permission to build a garage and that Mr. Dorgan bought it from E. C. Young

Co. in Randolph on September 22, 1937. Mrs. Dorgan testified that they maintained it and painted it twice and that the LaGardes often referred to it as "your garage".

The finding that the garage is part of the realty must stand. "A building once affixed to the real estate becomes a portion of it, unless before it was so affixed there is a written or oral agreement with the owner of the land that it shall remain personal property. *Aldrich v. Husband,* 131 Mass. 480; *Gibbs v. Estey,* 15 Gray 587; *Morris v. French,* 106 Mass. 326; *Madigan v. Mc-Carthy,* 108 Mass. 376; *Hartwell v. Kelly,* 117 Mass. 235.

"Such an original agreement or un-derstanding may be shown by inference from the subsequent recognition of rights which can only result from its existence. *Morris v. French,* 106 Mass. 326, 327; *Howard v. Fessenden,* 14 Allen 124; *Korbe v. Barbour,* 130 Mass. 255." *Barnes v. Hosmer,* 196 Mass. 323, 324, 325. See also *Meeker v. Oszust,* 307 Mass. 366; *Westgate v. Wixon,* 128 Mass. 304; *Webster v. Potter,* 105 Mass. 414; *Poor v. Oakman,* 104 Mass. 309.

The right of removal of a building from land may be implied from the fact that it was erected with the permission of the owner of the land. Such right of removal, however, is not a necessary implication and will not be drawn when a different intention relating to the subject is indicated by an ex-press agreement between the parties. *Howard*

*v. Fessenden,* 14 Allen 124, 128; *Aldrich v. Husband,* 131 Mass. 480.

■ An oral agreement for its removal made after the erection of the garage, would violate the statute of frauds. *Barnes v. Hosmer,* 196 Mass. 323; *Madigan v. McCarthy,* 108 Mass. 376; *Poor v. Oakman,* 104 Mass. 309.

■ The burden of proving that the garage retained its character as personal property because of an express verbal agreement prior to its erection on the land, rests on the defendants who make that claim. *Madigan v. McCarthy,* 108 Mass. 376.

■ On the evidence reported, the judge was not required to find either that the garage was erected on the land under an express oral agreement or that a right to remove it was implied. On the other hand, there was warrant for his conclusion to the contrary that "On all the evidence I find that when the garage was erected in 1937 it was intended that it would be a permanent installation. I find that it was part of the real estate and not personal property." Manifestly the defendants did not satisfy the judge as a fact that there was an oral agreement prior to its installation that the garage was to retain its character as personal property.

■ The second contention which the defendants make that because they were rightfully in possession of the premises as tenants when they removed the garage, *trespass quare clausum* will not lie, a point which they raise in their request for ruling number 2, would

have merit except for the fact that the case was tried on the question whether the garage was personal property or a part of the land. The report states that to be the issue in the case. It is true with reference to an action of *trespass quare clausum* that "the gist of the action is for the injury to the possession of the real estate; and unless the breaking and entering of the close is proved the action is not maintainable for the matter of aggravation, but damages therefor must be sought in a count framed for that single purpose." *Beers v. McGinnis,* 191 Mass. 279, 282; *Lawrence v. O'Neill,* 317 Mass. 393.

When on June 17, 1958, the defendants removed the garage from the plaintiffs' land, they had paid their rent until July 5, 1958. They were tenants and rightfully in possession, accordingly, the removal of the garage was an aggravation and not a violation of the plaintiffs' possession. *Trespass quare clausum* cannot be maintained against the defendants as tenants rightfully in possession of the premises. *Rising et al v. Stannard,* 17 Mass. 282; *Wheeler v. Train,* 3 Pick. 255; *French v. Fuller,* 23 Pick. 104.

As in *Beers v. McGinnis,* 191 Mass. 279, 282, the plaintiffs' declaration should have been in case, and not in *trespass quare clausum,* and also, as in that case, it appears that the merits of the one before us have been fairly and fully tried without any surprise to the defendants, the plaintiffs should be allowed to amend their declaration to recover upon the cause of action which was intended

to be brought and which has been determined at the trial. G. L. (Ter. Ed.) c. 231, §51; *Beers v. McGinnis,* 191 Mass. 279, 282; *Menici v. Orton Crane & Shovel Co.,* 285 Mass. 499; *Drury v. Hartigan,* 312 Mass. 527; *Coburn v. Moore,* 320 Mass. 116.

Because the plaintiffs are to be allowed an opportunity to amend their declaration to conform to the findings, it is unnecessary to consider further the defendants' requests for rulings numbers 1, 2, 3, 4 and 6 which relate to trespass. If the amendment to the declaration be allowed, they become inapplicable and if the amendment be not allowed, they become inconsequential as the defendants would then have judgment in their favor. The same is true of number 5. Numbers 6 and 7 were rightly denied as a finding that the garage remained personal property was not required.

An order should be entered that if within sixty days after notice of the order in this case, appropriate amendment of their declaration by the plaintiffs based on the conversion of the garage shall have been allowed, the report is to be dismissed; otherwise the order must be judgment for the defendants. *Drury v. Hartigan* (first case), 312 Mass. 175.

Defendants' requests for rulings of law:

1. To entitle the plaintiffs to recover, they must show that at the time of the alleged trespass they had a title to the garage building allegedly taken by the defendants. *Roberts v. Wentworth,* 5 Cushing, 192.

2. If defendants were entitled to possession of the premises at the time of the alleged trespass, finding must be for the defendants. *Tappan v. Burnham,* 90 Mass. 65.

3. If defendants entered plaintiffs' close under license from the owner, or as tenants, and after such entry committed unlawful acts, this action will not lie. *Feeley v. Andrews,* 191 Mass. 313.

4. To recover plaintiffs must first prove that the defendants were guilty of trespass. *Eames v. Prentiss,* 8 Cushing, 337; *Dickinson v. Boyle,* 34 Mass. 78; *Lawrence v. O'Neil,* 317 Mass. 393.

5. On all of the evidence the plaintiffs are not entitled to recover.

6. On all of the evidence the garage at the time of the alleged trespass was the personal property of the defendants.

7. The garage building is personal property and the defendants were entitled to recover it even if the plaintiffs when they bought the land had no notice of its nature, and the Court need not consider whether they had such notice. (*Titcomb v. Carroll,* 287 Mass. 131, 137) and the owners are entitled to remove the garage within a reasonable time after termination of their tenancy.

*McIntyre and Henry* of Attleboro, for the Defendant.