MONROE WILCOX *vs.* PATRICK CONWAY & others.
· SAME *vs.* PATRICK CONWAY.

Berkshire.     September 8. — 23, 1874.     MORTON & ENDICOTT, JJ.,
                                        absent.

In an action of tort in the nature of trespass *quare clausum fregit*, it should be alleged that the defendant " forcibly broke and entered" the plaintiff's close; but the omission of the word " forcibly" may be cured by an amendment; and the defendant, if he wishes to avail himself of such a defect, should specifically point out the defect at the trial, and if this is not done the defect cannot be taken advantage of in this court on a bill of exceptions which states that the defendant asked the court to rule that the declaration did not set forth a legal cause of action.

The fact that a portion of the time described in one of the declarations in two actions, by the same plaintiff against the same defendant, for trespasses committed on the same close, is also included in the other, does not give rise to a

presumption of law that the trespasses charged in the two declarations are the same.

An exception to a refusal to rule cannot be maintained which does not show that there was evidence in the case from which the jury might find the facts on which the request was based.

TWO ACTIONS OF TORT in the nature of trespass *quare clausum*. At the trial in the District Court of Southern Berkshire, the following facts appeared:

The declaration in the first case alleged that the defendants, " on divers days and times between the first day of January last past and the date of this writ, broke and entered the plaintiff's close." The declaration in the second case alleged that " the defendant, on divers days and times between the first day of November last past and the date of this writ, broke and entered the plaintiff's close." The close described was the same in each case. The second count of the declaration in the second case charged the defendant with " breaking and entering " another close of the plaintiff. At the trial, the plaintiff claimed to recover in the first case for acts committed by the defendant Conway in company with the other defendants; and on the first count of the second case for acts committed by Conway alone at a different time; and introduced evidence of such acts. Under the second count of the second case the plaintiff introduced evidence tending to show that Conway occupied and claimed to own land, which other evidence in the case tended to show belonged to the plaintiff. Upon these facts, the defendant asked the court to instruct the jury:

1. " That neither of the declarations in said cases states a legal cause of action against the defendants or either of them.

2. " If the jury shall find that the fence and premises referred to in the first action are the same fence and premises referred to in the first count of the second action; and if they shall find that all the acts charged to have been done by said Conway in the first count of the declaration in the case against him alone were done, if at all, within the time alleged in the writ against the three defendants, then as a matter of law the plaintiff is not entitled to recover against said Conway, in the action against the three defendants, and also in the first count in the action against said Conway alone.

3. " If the jury shall find that the defendant Conway believed that his title extended to and covered the land described in the

second count of the second declaration, and so claimed to the plaintiff, and the plaintiff acquiesced in the claim either ignorantly or otherwise, then said defendant would not be liable to the plaintiff in the action brought against him for such occupancy or entry on said premises."

These instructions the court refused to give in form or substance. The jury found for the plaintiff in both actions, and the defendant Conway alleged exceptions.

*B. Palmer*, for the defendant.

*J. Dewey, Jr.*, for the plaintiff.

AMES, J. In order to maintain an action of trespass *quare clausum* it should be alleged and proved that the defendant forcibly broke and entered the plaintiff's close. But the omission of the word " forcibly " is a defect which might be cured by an amendment. It is true that in a trial before a justice of the peace a defendant may plead orally, but in order to avail himself of a merely formal defect in the plaintiff's declaration, he should in some manner make such defect a specific ground of objection. It does not appear that this particular omission was brought to the attention of the court at the trial, and it is too late to take the objection now for the first time.

In each of these actions, the declaration charges trespasses committed on divers days and times between certain dates, and a portion of the time described in one of them is included in the other. There is no legal presumption that both declarations refer to the same trespasses. They are sufficiently identified and distinguished from each other by the evidence that one was the act of one defendant alone, and the other the joint act of the same defendant and two others, besides being distinct in point of time. If they were separate and distinct acts, both actions might well be maintained.

In the bill of exceptions we find no evidence tending to show acquiescence on the part of the plaintiff in the acts of the other party, and therefore the instruction requested in relation to the effect of such acquiescence was properly refused.

*Exceptions overruled.*