WILLIAM B. KENDALL *vs.* BAY STATE BRICK COMPANY.

Middlesex.    Jan. 11, 1877:—Oct. 18, 1878.    COLT, AMES & SOULE,
JJ., absent.

Under a declaration alleging that the defendant placed divers large quantities of
wood, coal, refuse bricks, mortar, rubbish and of impure water, upon the plain-
tiff's close, and there kept and continued them until the commencement of the ac-
tion, but not alleging that the trespass was committed on divers days and times,
evidence of two distinct and independent trespasses is inadmissible.

TORT. Writ dated February 17, 1875. The declaration con-
tained two counts. The first count alleged that the defendant
forcibly broke and entered the plaintiff's close, describing it by
metes and bounds, "and put, placed and laid divers large quan-
tities of wood, coal, refuse bricks, mortar and rubbish upon the
said close, and placed and poured, and caused to be placed and
poured, great quantities of impure water upon the said close,
and there kept and continued the said wood, coal, bricks, mor-
tar, rubbish and impure water, without the leave or license and
against the will of the plaintiff, for a long time, and until the
commencement of this suit, and thereby greatly incumbered the
said close, and prevented the plaintiff from having the use, ben-
efit and enjoyment thereof."

The second count alleged that the defendant forcibly entered
a certain other close of the plaintiff, describing it by metes and
bounds, and concluded as the first count.

At the trial in the Superior Court, before *Putnam*, J., it ap-
peared that the different counts were for the same trespass, upon
the separate lots; that the plaintiff was the owner of these lots,
having purchased them in July, 1856, and that the defendant
was a corporation, manufacturing brick, upon the opposite side
of Hall Street, in East Medford.

The plaintiff offered evidence of a trespass, of the character
named in the declaration, committed in the year 1857, and that
some persons had been seen wheeling bricks, mortar and lumber
from the premises opposite, and dumping the same upon the
plaintiff's land. The plaintiff then proposed to offer evidence
of another trespass, committed at a time within the period of the
statute of limitations. To this the defendant objected, but the
judge admitted the evidence *de bene esse*, and the plaintiff offered

evidence under the first and second counts, tending to show a trespass of a similar character, committed by the defendant some four or five years ago.

At the close of the plaintiff's testimony upon this point, the defendant called upon the plaintiff to elect upon which trespass he would rely. The plaintiff contended that he had a right to rely upon both the trespasses. But the judge ruled that, the declaration not alleging a trespass with a *continuando*, but only that the defendant had "kept and continued" upon the land the materials that it had deposited at the time of the trespass alleged, the plaintiff could not go the jury upon both trespasses.

The plaintiff then elected to go to the jury upon the first trespass, and, in order to avoid the effect of the statute of limitations, offered evidence tending to show that the coal, brick, mortar, rubbish and other materials which had been put upon the plaintiff's land at the time of the first trespass, had been allowed to remain upon the land until the time of the bringing of this action. It appearing, however, from one of the plaintiff's witnesses, that the defendant was not incorporated until the year 1863, and that, before that time, the brick-yard was carried on by others, and the defendant had nothing to do with the premises in question up to that time, and did not do the acts committed in 1857, and there being no evidence to control this, the judge ruled that the plaintiff could not recover on account of the first trespass, ordered a verdict for the defendant, and reported the case for the consideration of this court. To the several rulings of the court the plaintiff excepted. If the rulings were correct, judgment was to be entered on the verdict; otherwise, a new trial was to be granted.

*R. Gray & H. W. Swift*, for the plaintiff.

*A. A. Ranney*, for the defendant.

GRAY, C. J.   At common law, in trespass *quare clausum fregit*, several rules were well settled: First. If a single trespass upon a single day was relied on, a time must be alleged, but need not be proved. Second. In order to enable the plaintiff to prove trespasses on more than one day, it was necessary, if the trespass was in its nature capable of continuance, (as where the cattle of the defendant trampled and spoilt the grass of the plaintiff for several days,) to allege that it was continued from

the day named to another day — which was called alleging the trespass with a *continuando ;* or if the trespasses were of a kind which, when once done, were completed, and could not be continued, (as in the case of cutting down trees,) to allege that the defendant committed them on divers days and times, *diversis diebus et vicibus ;* and unless the declaration, in one of these forms, showed the intention of the pleader to rely upon more than a single trespass, no more could be given in evidence. Third. If a trespass was alleged to have been committed on one day, and thence, either continuously, or on divers days and times, to another day, the plaintiff, if he relied on a single trespass only, was not confined to any particular day, and might prove it to have been done even before the first day alleged ; but he was not permitted to give evidence both of a trespass within the time alleged, and of a trespass at another time. Bac. Ab. Trespass, K. Bul. N. P. 86. *Hume* v. *Oldacre,* 1 Stark. 351. *Pierce* v. *Pickens,* 16 Mass. 470.

By the new practice act, no averment need be made which the law does not require to be proved. St. 1852, *c.* 312, § 2, *cl.* 2. Gen. Sts. *c.* 129, § 2, *cl.* 2. It follows that, when the plaintiff relies upon a single trespass, no time need be alleged. *Knapp* v. *Slocomb,* 9 Gray, 73. The form given at the end of the practice act appears to be intended for an ordinary case, and not as suitable for all cases; and the taking of personal property, as therein alleged, is mere aggravation of the trespass upon the land. *Eames* v. *Prentice,* 8 Cush. 337. The provision of the Gen. Sts. *c.* 129, § 6, requiring a description of the plaintiff's close, is not a reënactment of any provision of the new practice act, but of the earlier St. of 1839, *c.* 151, § 3, and does not affect this case.

The rules of evidence are expressly declared not to be changed, except so far as specially provided. St. 1852, *c.* 312, § 6. Gen. Sts. *c.* 129, § 81. *Robinson* v. *Austin,* 2 Gray, 564. *Powell* v. *Bagg,* 15 Gray, 507. *Parsons* v. *Smith,* 5 Allen, 578. In *Powell* v. *Bagg,* it was accordingly held that since the practice act, as at common law, when a trespass was alleged to have been committed on one day, and thence, either continuously or at divers days and times, to another day, the plaintiff, if he relied on a single trespass, was not confined to any day, but might

prove it to have been committed even before the first day alleged ; but if he relied on continuous or repeated trespasses, he was limited to the period alleged in the declaration.

The practice act having made no change in the rules of pleading in regard to actions for trespasses on land, except so far as to dispense with allegations which the common law did not require to be proved, and not having changed the rules of evidence, it follows that, unless the plaintiff alleges that the defendant trespassed continuously, or that he trespassed on divers days and times, (as the facts of the case may require,) he must be confined in his proof to a single act of trespass ; and, if he alleges that the trespass was continuous, he cannot prove two or more distinct and independent trespasses.

To hold that any change has been made in this respect would be inconsistent with the whole spirit and policy of the practice act, which, while dispensing with needless and embarrassing technicalities, requires full and distinct notice of the charge which the defendant is to meet ; and would disregard the direction that the allegations and denials of each party shall be so construed by the courts as to secure, as far as possible, substantial precision and certainty, and to discourage vagueness and loose generalities. St. 1852, *c.* 312, § 26. Gen. Sts. *c.* 129, § 27.

At the trial of this case, the plaintiff relied on the first and second counts in the declaration, each of which alleged that the defendant put, placed and laid divers large quantities of wood, coal, refuse bricks, mortar and rubbish, and placed and poured great quantities of impure water, upon the plaintiff's close, (different closes being described in the two counts,) and there kept and continued the same for a long time, and until the commencement of this suit. The original trespass was certainly well alleged, and the declaration could not therefore have been demurred to. *Chamberlain* v. *Greenfield*, 2 W. Bl. 810 ; *S. C.* 3 Wilson, 292. And we may assume that each count was sufficient to warrant the admission of evidence that the defendant, up to the time of the bringing of this action, had continued upon the plaintiff's land the materials which had been placed there at the time of the first trespass. *Holmes* v. *Wilson*, 10 A. & E. 503. *Percival* v. *Stamp*, 9 Exch. 167. The plaintiff was allowed at the trial to introduce such evidence, and did not insist

at the argument upon his exception to the ruling of the court thereon.

But neither count alleges that the trespass was committed on divers days and times, or in any manner shows that the defendant trespassed on the plaintiff's close at more than one time. The allegation is only that the defendant placed divers large quantities of wood, coal, refuse bricks, mortar and rubbish, and of impure water, upon the plaintiff's close, and there kept and continued them. This does not show that the defendant repeated or renewed its trespass.

The only exception upon which the plaintiff relies is to the ruling of the court that he could not, under these counts, go to the jury upon a trespass, of the character therein alleged, committed eighteen years before, and also upon a trespass of a similar character committed some four or five years ago. These two trespasses were clearly distinct and independent, and could only be given in evidence under distinct counts, or under a count which charged trespasses committed at different days and times. The ruling excepted to was therefore correct. *Sutcliff* v. *Constable*, 1 Brownl. 222, 224. *Clayton* v. *Gillam*, 1 Ventr. 363. *Monckton* v. *Pashley*, 2 Ld. Raym. 974; *S. C.* 2 Salk. 638; Holt, 697; 6 Mod. 38. Vin. Ab. Trespass, I. 2, pl. 6, 7.

*Judgment on the verdict.*