MARSHALL LITCHFIELD *vs.* CHARLES M. FERGUSON.

SAME *vs.* ABNER LITCHFIELD.

SAME *vs.* WALTER LITCHFIELD.

SAME *vs.* STEPHEN LITCHFIELD.

Plymouth.    Oct. 20, 1885. — Feb. 23, 1886.    FIELD & C. ALLEN, JJ.,
absent.

A deed of land described as bounded "on the beach" does not convey the shore
below high-water mark, unless this boundary is controlled by other parts of the
description.

A deed of land conveys no greater title than the grantor has.

The taking of sea-weed from an open and unenclosed beach, and the selling of
stones therefrom from time to time, are insufficient to operate as a disseisin of
the true owner.

In an action of tort, brought in 1876, for breaking and entering the plaintiff's close
and taking sea-weed therefrom, it appeared that the locus was a beach upon the
sea-shore, which with the upland had been conveyed to the plaintiff, in 1824 and
1826, by his father; that the deed to the father, given in 1795, by its descrip-
tion did not include the beach; that the defendant showed no record title to the
beach; that the plaintiff and his grantor had sold stones and gravel from the
beach, and had taken sea-weed therefrom; and that the defendant and his
grantor had, for sixty years, taken sea-weed from the beach under a claim of
right. *Held*, that the judge, who tried the case without a jury, was not bound
to find that there was a lost deed of the beach to the plaintiff's grantor; and was
justified in finding for the defendant.

FOUR ACTIONS OF TORT.  Writs dated April 20, 1876.  The
declaration in each case contained two counts, one, in the na-
ture of trespass, for forcibly entering the plaintiff's close in
Scituate, being his sea-beach on the easterly side of his home
farm, and carrying away sand, sea manure, &c., and the other,
in the nature of trover, for the conversion of the sand, sea ma-
nure, &c.  The answer in each case contained a general denial;
alleged that the defendant owned a farm in Scituate, that he
had a right, as appurtenant to his farm, to gather sea manure
on the premises described in the plaintiff's declaration, and that
his gathering such manure was the trespass complained of; and
denied that the plaintiff owned said premises.

Each answer further alleged that the defendant was a tenant
in common with many other persons in the said premises; and
also averred that said premises were owned by the town of Scit-
uate, and justified the acts done under a license from the town.

At the trial in the Superior Court, without a jury, before *Aldrich*, J., upon the report of an auditor and oral testimony, the judge found the following facts:

The plaintiff has no title by grant to the beach, the locus of the alleged trespass, and has acquired no title to the said beach by disseisin. The plaintiff has sufficient possession of said beach to maintain trespass against a mere stranger having no right or title in or to the same. For more than sixty years before the date of the plaintiff's writs, and prior to the deed to him under which he claims title, the defendants and their grantors gathered sea manure on said beach, and carried the same to and expended it upon their lands, being the premises described in their answers; said taking was open and adverse to the plaintiff, and under a claim of right not based upon any supposed title in the town of Scituate, continuous and uninterrupted until they were forbidden by the plaintiff, a few days before the date of his writs, to continue the gathering of said sea manure; and the possession of said beach by the defendants and their grantors was similar in kind and extent to that of the plaintiff and his grantors, and of equal duration. The judge further stated, that he did not find, as a fact proved, that seaweed was taken on the day the deed was passed.

The judge also found for the defendants; and reported the cases for the determination of this court. Annexed to the report was a copy of the auditor's report and of the evidence, so much of which as is material to the points decided is stated in the opinion.

*C. G. Davis*, for the plaintiff.

*P. E. Tucker*, (*B. W. Harris* with him,) for the defendants.

DEVENS, J. In view of the decision made in *Litchfield* v. *Scituate*, 136 Mass. 39, in which case it became necessary to consider the title of the plaintiff and of his grantor in the beach alleged by the declaration in the case at bar to have been trespassed upon, it is not now contended that any record title can be shown to have been possessed by the plaintiff's grantor in the premises in controversy.

The deed of A. D. Waterman, in 1795, to Ward Litchfield, who was the grantor of the plaintiff, bounded the tract conveyed "northeasterly on the beach," and the boundary upon the beach

necessarily excluded the shore, unless such boundary was controlled by some other parts of the description, which did not appear. The plaintiff's argument also concedes that the shore east of the Cudworth lot has not, since the death of Joseph Tilden, in 1764, been conveyed by any instrument of record so that title thereby can be shown to it. His contention is, that by reason of his possession of the upland and the sea-shore, through his own occupation and that of those under whom he claims, a case was presented where it was the duty of the judge, who tried the cases without a jury, to have found a lost deed of the premises to Ward Litchfield. This contention involves the inquiry whether the plaintiff has shown a title by disseisin, or, if not, whether he has shown an open and exclusive possession, which is sufficient against the defendants, who can themselves show no title by grant.

The plaintiff's title to the premises comes from Ward Litchfield by deeds of November 8, 1824, and of February 16, 1826. These deeds by conveying to low-water mark include the beach in dispute. But if Ward Litchfield had himself no title, his deeds could convey none. Whatever they purported to do, the deeds would operate only to convey that which the grantor had. *Bates* v. *Norcross*, 14 Pick. 224, 229. *Perry* v. *Weeks*, 137 Mass. 584.

The evidence fails to show that the plaintiff or his grantor had acquired any title by disseisin which would be available against the true owner. In regard to wild lands, it has often been held that merely cutting the wood from time to time, and selling the same, is not enough to establish a title; that there must be a distinct and well-defined possession and occupation thereof, as by enclosing the land with a fence, or by similar acts done under such circumstances that they indicate that the possession taken is open, exclusive, and of such a character that it is clearly inconsistent with, and adverse to, title in any other person, before such acts can operate as a disseisin. *Slater* v. *Jepherson*, 6 Cush. 129. *Morrison* v. *Chapin*, 97 Mass. 72. *Perry* v. *Weeks, ubi supra.*

Neither the plaintiff nor his grantor had any such exclusive possession of the beach. The taking of sea-weed therefrom, and the selling from time to time of stones from this open and

unenclosed beach, were acts of such a nature as, in regard to wild lands, have been held insufficient to operate as a disseisin of the true owner.

While this is so, and while the defendants have failed to show any record title to the premises, it is yet to be considered whether the plaintiff has had a possession which, even if it would not be available against the true owner, would still be available against the defendants. One being in possession, even if it is not such as would amount to a disseisin of the true owner, may maintain trespass against a mere intruder, without right, upon that possession, and if he is ousted by such an intruder may maintain a writ of entry against him. It is sometimes said that any possession is good against a wrongdoer. *Tappan* v. *Burnham*, 8 Allen, 65. But when two persons have a concurrent or mixed possession, and neither party has any other title nor any exclusive priority of possession, neither can maintain any action against the other. The possession of each is such that the other has no right to interrupt it. *Barnstable* v. *Thacher*, 3 Met. 239.

It was therefore a question of fact, in the case at bar, whether the plaintiff had shown an exclusive possession of the beach, others being prevented from coming thereon, or at least forbidden so to do, and whether acts similar to those done by the plaintiff, and on which he relies as establishing a title by possession, had also been done by others to such an extent, during the same period, that such persons had with the plaintiff a concurrent or mixed possession. This question was passed upon by the presiding judge, upon the evidence afforded by the auditor's report and oral testimony. While he held that the plaintiff had sufficient possession of the beach to maintain trespass against a mere stranger having no right or title in or to the same, he also found that for more than sixty years before the date of the plaintiff's writs, and prior to the deed to him under which he claims title, the defendants and their grantors gathered sea manure on said beach, and carried the same to and expended it upon their own lands, being the premises described in their answers; that said taking was open and adverse to the plaintiff, and under a claim of right not based on any supposed title in the town of Scituate; that it was continuous and also

uninterrupted until the defendants were forbidden by the plaintiff, a few days before the date of his writs, to continue the gathering of said sea manure; and further, that the possession of said beach by the defendants and their grantors was similar to that of the plaintiff and his grantors, and of equal duration. This finding was warranted by the evidence. The only acts done by the plaintiff which were not also done by the defendants were, that from 1824 to 1853 he made sales of paving-stones from the beach in different years which were not consecutive, and also sold gravel therefrom, and timber which had there been deposited by the waves. But the defendants were also proved to have taken sea manure for their farms and sand from said beach, without interruption or objection, and these acts were of similar character with those of the plaintiff. The acts of the defendants were also done by them under a claim of right, as it appeared both by their testimony and the character of the acts themselves.

The auditor found, indeed, that what the defendants did was under license from the town. Having found that the town owned this beach, which finding by him was erroneous, (*Litchfield* v. *Scituate, ubi supra,*) and the town having given by its votes an actual license to all inhabitants to go on its beaches and gather sea-weed, the auditor attributed the acts of the defendants to this license. No votes of the town related specifically to this beach, and a general license to enter upon all its beaches cannot be referred to one that it did not own. As there was evidence that each of the defendants did assert a right in himself, as the owner of his own farm and for the purpose of using the manure thereon, the presiding judge might properly have found that the acts done by the defendants were not referable to any license from or action of the town. The farms of the defendants were near each other, and there was an ancient highway that led therefrom, the only use of which was to afford the means of gathering from the beach the sand and sea manure, and whatever was deposited by the sea upon it. This evidence was sufficient to establish a mixed possession by the defendants. Whether the facts also might not be sufficient to show a right in the defendants appurtenant to their freeholds by prescription in the premises to gather sea-weed, sand, &c. there for use on their

respective farms, so that, even if the premises described in the plaintiff's declarations were actually the property of the plaintiff, the acts done by them could be justified, we have no occasion to inquire.            *Judgments accordingly.*