JOHN ROBERT LAWRENCE *vs.* JAMES P. O'NEILL.

Norfolk.     November 6, 1944. — December 7, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Trespass. Conversion. Practice, Civil,* Requests, rulings and instructions, Election. *Damages,* For tort. *Evidence,* Of value, Relevancy and materiality. *Election.*

At the hearing by a judge without a jury of an action in the nature of trespass quare clausum fregit, it was error to deny a request by the plaintiff for a ruling that the evidence warranted a finding for the plaintiff where there was evidence that the defendant without right had entered upon the plaintiff's land and had cut down and removed trees, and the judge found for the defendant and made no finding rendering the requested ruling immaterial.

In an action with one count in the nature of trespass quare clausum fregit by entry upon the plaintiff's land and the cutting down and removal of trees thereon, and a second count for conversion of such trees, the plaintiff had one cause of action, and, upon proof of an unlawful entry by the defendant and his cutting and removing of trees, the plaintiff was entitled, as damages, either to the diminution in the value of the land, including loss of the timber and cost of removal of stumps, or to the value of the timber converted, but not to both.

A plaintiff, after testifying in cross-examination to a sale of a lot of land for a price much lower than a value which in direct examination he had put on adjacent land still owned by him and involved in the proceeding, was entitled to explain in redirect examination that he had sold the lot for less than what he considered its value because of his pressing need of money.

At the hearing of an action in two counts, the first in the nature of trespass quare clausum fregit for unlawfully entering upon the plaintiff's land and cutting down and removing trees and the second for conversion of the trees, it appeared that the two counts were for the same

trespass and that the trial judge found for the plaintiff under the second count and erroneously ruled that there was no evidence warranting a finding for the plaintiff under the first count; and, since a finding for the plaintiff for substantial damages under the first count would include the damages assessed under the second count, this court, on exceptions by the plaintiff only as to the ruling under the first count, ordered that, if the plaintiff should file a waiver of the finding under the second count, the exceptions were sustained, but that otherwise they were overruled.

TORT. Writ in the District Court of East Norfolk dated February 19, 1943.

On removal to the Superior Court, the case was heard by *Brown*, J., without a jury.

*M. Michelson*, for the plaintiff.

No argument nor brief for the defendant.

WILKINS, J. In this action of tort the declaration is in two counts. Count 1 in trespass alleges that the defendant entered on land of the plaintiff on Pleasant Street, Milton, and "cut down trees thereon and took and carried the trees away, thereby diminishing the value of the land." Count 2 is for the conversion of "trees, and timber, the property of the plaintiff which the defendant took and carried away" from the land described in the first count. The answer sets up an oral license. The case was tried before a judge of the Superior Court sitting without jury. At the close of the evidence the plaintiff presented two requests for rulings: "1. The evidence warrants a finding for the plaintiff on count 1 of the plaintiff's declaration. 2. The plaintiff is entitled to recover both the diminution in the fair market value of the plaintiff's land as a result of the cutting down and removal of trees and also the fair market value of the trees converted by the defendant." The requests were denied subject to the plaintiff's exceptions. The judge found for the defendant on count 1 and for the plaintiff in the sum of $120 on count 2.

1. The denial of the first request involved a ruling of law that there was no evidence to warrant a finding for the plaintiff on count 1. *Bresnick* v. *Heath*, 292 Mass. 293, 298. There was, however, evidence that the defendant had entered on the plaintiff's land, and without right had cut

down and removed seven full grown maple and oak trees, leaving ugly stumps. This would entitle the plaintiff to nominal damages at least. *Brown* v. *Perkins*, 1 Allen, 89, 98. *White* v. *Chapin*, 12 Allen, 516, 520. *Dougherty* v. *Stepp*, 1 Dev. & Bat. 371, 372. There also was testimony from the plaintiff that the fair market value of the land with the trees down was $300 to $400, and with the trees standing had been $1,400, and that the value of the trees as they lay on the ground after being cut down was about $50 each. Accordingly, the plaintiff was entitled either to have that ruling granted, or to have it rendered immaterial by findings of fact. *Hoffman* v. *Chelsea*, 315 Mass. 54, 56. *Brodeur* v. *Seymour*, 315 Mass. 527, 529–530. *Liberatore* v. *Framingham*, 315 Mass. 538, 541–544. As there were no such findings, the denial of this request was error.

2. The second request was rightly refused. The plaintiff relies upon *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7, which, however, is distinguishable. In that case, as in the case at bar, there was a declaration in tort in two counts, one for trespass for the excavation of gravel, and the other for conversion of sand, gravel, and fill. The plaintiff was allowed to recover under the first count the diminution in value of his lot as far as the street line and under the second count the fair market value of the soil removed from the area between the front or street line of the lot and the center of the street or way. The plaintiff was not permitted to recover under both counts as to the same parcel of land. Nor is there any intimation in the opinion that he could do so.

The acts of the defendant in the present case constitute one cause of action. *White* v. *Moseley*, 8 Pick. 356, 358. *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331, 332–333. *Goodrich* v. *Yale*, 8 Allen, 454, 459. *Perry* v. *Jefferies*, 61 S. C. 292, 303–304. "It is the general rule that all damages resulting from a specified cause of action must be assessed in one proceeding. This rule applies to actions of tort. A single cause of action cannot be split and made the basis of several proceedings." *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, 285–286.

*Braithwaite* v. *Hall,* 168 Mass. 38, 39. *Cole* v. *Bay State Street Railway,* 223 Mass. 442. *Loughlin* v. *Wright Machine Co.* 296 Mass. 11, 12–13. *Dearden* v. *Hey,* 304 Mass. 659, 661–662. See Black on Judgments (2d ed.) § 738.

Under the first count, which is in the nature of trespass quare clausum fregit, the "gist of the action was the breaking and entering of the plaintiff's close. All the other averments . . . were incidental to this allegation, and were inserted only by way of aggravation of the principal injury." *Knapp* v. *Slocomb,* 9 Gray, 73, 75. This is apparent from form 22 in G. L. (Ter. Ed.) c. 231, § 147, which has long been carried unchanged through our practice acts. St. 1851, c. 233, § 119. Gen. Sts. c. 129, § 87. Pub. Sts. c. 167, § 94. R. L. c. 173, § 130. The "taking of personal property, as therein alleged, is mere aggravation of the trespass upon the land." *Kendall* v. *Bay State Brick Co.* 125 Mass. 532, 534. *Eames* v. *Prentice,* 8 Cush. 337. *Phelps* v. *Morse,* 9 Gray, 207. *Parsons* v. *Smith,* 5 Allen, 578, 580. *Merriam* v. *Willis,* 10 Allen, 118, 119. *Woodman* v. *Francis,* 14 Allen, 198, 199. *Manners* v. *Haverhill,* 135 Mass. 165, 169. *Beers* v. *McGinnis,* 191 Mass. 279, 282. See *Warner* v. *Abbey,* 112 Mass. 355, 359; *Grout* v. *Knapp,* 40 Vt. 163, 167–168; *Perry* v. *Jefferies,* 61 S. C. 292, 303–304.

While the plaintiff might at his election sue in trover for conversion, as he did in the second count, recovery thereon would bar recovery on the first count. *Kentucky Stave Co.* v. *Page,* 125 S. W. 170, 173 (Ky.). Freeman on Judgments (5th ed.) § 611. The value of the timber cut is an item of damage common to both counts. See *Higginson* v. *York,* 5 Mass. 341, 342; *Cutts* v. *Spring,* 15 Mass. 135, 137; *Hapgood* v. *Blood,* 11 Gray, 400, 402. The second requested ruling, if granted, would lead indirectly to recovery of double damages as to the trees, which is not to be favored. Under count 1 the plaintiff would be entitled to the diminution in value of the land, including the loss of the timber (had he not already recovered such loss under count 2) and including also the cost of removal of the stumps. See *Salem* v. *Salem Gas Light Co.* 241 Mass. 438, 442–443,

and cases cited; *Crystal Concrete Corp.* v. *Braintree,* 309 Mass. 463, 471. "A tortfeasor who severs portions of the realty is liable to the owner for the difference in the value of the land before and after the severance, together with such other elements of damage as result from the severance. Thus where he severs fixtures, valuable in place but worthless when separated, the damages are the diminution in value of the realty. In substitution for damages based on the diminution in the value of the land, the owner can elect to recover damages based on the value of the things after severance." Am. Law. Inst. Restatement: Torts, § 929, comment (e). *Warner* v. *Hoisington,* 42 Vt. 94, 96. See Sedgwick on Damages (9th ed.) § 933; Sutherland on Damages (4th ed.) § 1019; 34 Am. Jur., Logs and Timber, § 118.

3. A question of evidence must be considered. On direct examination the plaintiff testified that the land in question had a value of about ten cents a square foot. On cross-examination he testified that the selling price of adjoining land which he had sold to the defendant yielded the plaintiff less than one fifth of a cent a foot. On redirect examination the plaintiff was asked "to explain the circumstances surrounding the sale" to the defendant. The evidence was excluded. The plaintiff excepted and made an offer of proof to the effect that there had been a written agreement between the plaintiff and the defendant for the sale at a much higher price, that the defendant had refused to go through with the agreement, and that the plaintiff accepted the lower price because of his great need of money at the time. The exclusion of this testimony was error. "The price for which other adjacent lots had been actually sold was admissible, open of course to any evidence explanatory of the circumstances attending such sale, and tending to show why the purchasers gave a price greater than the true value of the land." *Wyman* v. *Lexington & West Cambridge Rail Road,* 13 Met. 316, 326. An explanation is equally admissible where it tends to show that the seller sold at a price which was less than the true value of the land. See *Ham* v. *Salem,* 100 Mass. 350, 352; *Manning* v. *Lowell,* 173

Mass. 100, 104; *Epstein* v. *Boston Housing Authority, ante,* 297; Wigmore on Evidence (3d ed.) § 463.

4. The plaintiff has recovered on count 2 and is pressing his exceptions on count 1. There is no legal presumption that both counts refer to the same trespass. *Wilcox* v. *Conway,* 115 Mass. 561, 563. But the evidence shows that in fact they do. Since there cannot be recovery on both counts, the result must be: If the plaintiff within thirty days after rescript files a waiver of the finding on count 2, the exceptions are sustained; otherwise the exceptions are overruled.

*So ordered.*