Fishman, J.
After hearing, and upon review and consideration, the defendants Thomas and Susan Manter’s (“Manters”) motion to dismiss Counts III and IV is ALLOWED.
The plaintiffs Barry and Susan Tatelman (“Tatelmans”) claim in Count III of their second amended complaint that they are entitled to damages under G.L.c. 242, §7, entitled “Willful Trespass to trees, etc.; damages,” and in Count IV that the Manters trespassed on their property. The Manters maintain that these claims must be dismissed because the Tatelmans have conveyed the property and, therefore, are no longer the real parties in interest with standing to pursue the claims asserted in Counts III and IV. The Manters further argue that these counts should be dismissed pursuant to Mass.R.Civ.P. 12(b)(6) because they fail to state a claim upon which relief can be granted.
There is no dispute that the Tatelmans have conveyed the subject property to a third party. The purchase and sales agreement, however, contains a specific provision (¶42) which grants the plaintiffs the right to maintain the present action for money damages resulting from the defendants’ alleged act of cutting down and destruction of trees located on the property. Clearly, an assignment of a cause of action under c. 242, §7 can be made, Larabee v. Potvin Lumber Co., 390 Mass. 636, 641 (1983), and there is undisputed evidence before this Court that such an assignment was expressly made.
The Manters’ second argument presents a closer question. The defendants claim that relief under c. 242, §7 is only available to the “owner” of land against one who cuts trees “on the land of another,” and that because the Tatelmans were not the owners of the property, they will not be able to satisfy an element of this cause of action.[3] This Court (Haggerty, J.) has previously disposed of Counts I and II of this action by declaring that the plaintiffs and successors and assigns of their property have a prescriptive easement on the surface of the contested portion of land under which exists the defendants’ septic system, and noting that the plaintiffs, “without interference from the defendants, are entitled to use the contested portion of land as a backyard as they have always done.”
The issue here is whether the plaintiffs, who only have a prescriptive easement, can maintain an action under c. 242, §7 against the owner of the land on which the trees are located. Thus, while a person with an easement may maintain an action for trespass, Turkowska v. Dielendick, 321 Mass. 754 (1974) (re-script opinion), such as a claim under chapter 242, §7,[4] the question is whether that action can be brought against the actual owner of the property. The term “land of another” is not defined by the statute, but the plain meaning of the statute, particularly when considered with the language of G.L.c. 187, §2, which codifies easements by prescription,[5] would appear to support the defendants’ position. Where one establishes, under c. 187, §2, an easement upon “the land of another,” it would seem incongruous that the holder of the easement could then be construed as the owner of “the land of another” in a c. 242, §7 claim against the owner from whom the easement was obtained. The conclusion that trespass and c. 242, §7 claims are not available to a party with an easement against the owner of the property is also consistent with the well-settled law that “[a] person in the actual occupation of land may maintain trespass against any person except the real owner, or the person having a right of *114 possession.” New England Box Co. v. C&R Const Co., 313 Mass. 696, 707 (1943); see also Litchfield v. Ferguson, 141 Mass. 97, 100 (1886).
Of course, this construction does not foreclose the party with an easement from recovering damages or obtaining other remedial action against an owner who engages in wrongful conduct. “The owner of the properly burdened by the easement . . . may not use his land in a way that will interfere with the easement owner’s right of use.” Brooks, Gill & Co. v. Landmark Properties, 217 Ltd. Partnership, 23 Mass.App.Ct. 528, 532-33 (1987) (discussing potential, remedies, including damages), quoting Texon, Inc. v. Holyoke Machine Co., 8 Mass.App.Ct. 363, 365 (1979). It simply means that an action in trespass, and the closely related statutory claim for treble damages for cutting trees on the land of another, are not available to a party with an easement by prescription against the owner of the land upon which the easement has been found to exist.
ORDER
Based on the foregoing, it is hereby ORDERED that the defendants Thomas and Susan Manter’s motion to dismiss Counts III and IV is ALLOWED, and Counts III and IV are DISMISSED.

The plaintiffs did not address this issue in their opposition to the motion to dismiss or at the hearing on this motion. The defendants provided no case law to elucidate the issue.

G.L.c. 242, §7 reads in pertinent part: “A person without licence that willfully cuts down . . . trees ... on the land of another shall be liable to the owner in tort for three times the amount of damages assessed thereof . . .” Although this statute clearly creates a separate cause of action from one of trespass, allegations such as the cutting of timber have been considered as incidental to the trespass and a mere aggravation of the plaintiffs damages. Lawrence v. O’Neill 317 Mass. 393, 397 (1944).

G.L.c. 187, §2 states: “No person shall acquire by adverse use or enjoyment a right or privilege of way or other easement from, in, upon or over the land of another, unless such use or enjoyment is continued uninterruptedly for twenty years.” See also Commercial Wharf East Condo. Assoc. v. Waterfront Parking Corp., 407 Mass. 123, 133 (1990) (“An easement is an interest in land which grants to one person the right to use or enjoy land owned by another”).